**UNITED STATES**

. v.

**Private (E–2) Michael W. CLANCY, 529–88–8602, US Army, Company A, 1st Battalion, US Army Engineer School Brigade, Fort Belvoir, Virginia.**

**CM 433288.**

U. S. Army Court of Military Review.

Sentence Adjudged 8 April 1975.

Decided 25 Feb. 1976.

**1264**

Appearances: Appellate counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT John R. Osgood, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## DECISION ON FURTHER REVIEW

### PER CURIAM:

This Court, in its decision, dated 20 August 1975, set aside the findings of guilty and the sentence and authorized a rehearing. This action was based upon the Court's determination that the appellant's plea was entered pursuant to a pretrial agreement which contained a provision for its automatic cancellation in the event appellant failed "to enter a plea of guilty prior to presentation of evidence on the merits by the trial counsel," citing *United States v. Kapp*, No. 29,080, which was reversed in an asterisk footnote to *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975).

██ The United States Court of Military Appeals, in its decision and order, dated 20 January 1976, reversed our decision and returned the record to The Judge Advocate General of the Army for appropriate further proceedings, citing *United States v. Elmore*, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976). In *Elmore*, the Court held

that the above-mentioned provision imposes no unlawful restrictions, and, therefore, it cannot be regarded as contrary to public policy.

After a complete review of this record, we are convinced that the defense counsel was in no way encumbered by this provision in the presentation of his case, nor did it have an "undisclosed meaning" to him. *United States v. Elmore, supra.*

One other matter which was highlighted in our initial decision returning this case for a rehearing now merits our attention.

The appellant was convicted, pursuant to his plea, of two specifications involving the distribution of lysergic acid diethylamide and one specification involving the possession of the same substance in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sentence as approved is indicated above.

All specifications were charged under clause three of Article 134, UCMJ, as violations of 21 U.S.C. § 801 *et seq.* After determining that the possession specification was multiplicious for sentencing purposes with one of the distribution specifications, the parties, along with the military judge, agreed that the maximum punishment was a dishonorable discharge, confinement at hard labor for ten years, total forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The maximum sentence was calculated on the basis of the penalty set out at 21 U.S.C. § 841(b)(1)(B).

We cannot agree that the maximum punishment was correctly determined. Paragraph 127(c)(1), Manual for Courts-Martial, United States, 1969 (Revised edition), provides in pertinent part that:

"Offenses not listed in the table [of maximum punishments] and not included within an offense listed, or not closely related to either, are punishable as authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser . . ."

Prior to the date of this trial, the District of Columbia Code was amended to add lysergic acid diethylamide, among other drugs, to the list of dangerous drugs defined in its statutes. D.C.Code § 33–701(1)(C).[1] Under the applicable provision of the D.C.Code the maximum punishment for the violation for which appellant was convicted included "imprisonment for not exceeding one year."[2] Therefore, the maximum punishment to which appellant could have been subjected for the offenses involved in this case was confinement at hard labor for two years.[3]

A plea of guilty is improvident if it is entered into based upon a substantial misunderstanding on the part of the accused of the maximum sentence to which he is subject.[4] A two year as opposed to a ten year maximum sentence is certainly a substantial misunderstanding.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

BAILEY, COOK and DeFORD, Appellate Military Judges.

---

1. We note that notice of this change was disseminated in a memorandum for trial judges, Subject: Determination of Maximum Punishments, dated 28 March 1975.

2. D.C.Code § 33–708(a).

3. Inherent in our conclusion is a holding that under these facts appellant was entitled to be sentenced in accordance with the maximum punishment extant *at the time of trial.* See 103 ALR 1041.

4. *United States v. Harden,* 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976); *United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974).