**UNITED STATES, Appellee,**

v.

**Private First Class Gary C. BARTRAM, SSN 310–64–9464, United States Army, Appellant.**

**CM 435676.**

U. S. Army Court of Military Review.

27 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Major Michael B. Kennett, JAGC, and Captain Dale L. Anderson, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

OPINION OF THE COURT

COOK, Senior Judge:

Appellant was convicted, in conformity with his pleas, of selling and possessing

phencyclidine on two different dates. These offenses were alleged as violations of AR 600–50 and charged under the provisions of Article 92, Uniform Code of Military Justice, (UCMJ) (10 U.S.C. § 892).

Because the offenses were laid under Article 92, and as a result of a determination of multipliciousness, the appellant was informed at trial that the maximum permissible sentence in this case was a dishonorable discharge, confinement at hard labor for four years (i. e., two years for each of two punishable offenses) and the other standard ancillary punishments.

Counsel for the appellant now contends that the correct maximum in this case included only two years of confinement, because possession and sale of phencyclidine is prohibited by Section 33–701, DC Code, as amended on 6 January 1975, and is punishable in Section 33–708, thereof, for the first offense, by imprisonment not to exceed one year.[1]

Appellant's bench trial was conducted on 14 December 1976, several months after the 2 July 1976 effective date of *United States v. Courtney*, 1 M.J. 438 (1976). *See United States v. Jackson*, 3 M.J. 101 (C.M.A.1977).

In *Courtney*, the United States Court of Military Appeals dealt with a case in which an accused was charged with violating Article 134, UCMJ, because he had possessed marijuana. In its subsequent *Jackson* opinion the Court summarized its holding in *Courtney* in the following language:

In *Courtney*, the Court found that "drug offenses punished by the Army under Article 92, UCMJ, [were] virtually identical with those punished under Article 134, UCMJ." 1 M.J. at 440. We went on to note that neither Congress nor the President "has sought to recognize varying

'degrees of evil' " insofar as treatment of drug offenses under Articles 92 and 134 is concerned. *Id.* We stressed the absence of "a uniform policy . . . with regard to how servicemen who commit drug offenses will be charged." *Id.* The resultant punishment differential between Articles 92 and 134, we concluded, violated the fifth amendment. In so concluding, the Court believes that the absence of *statutory* or Manual guidance to insure equal treatment of *all* servicemembers coupled with the existence of two statutes which punish virtually identical conduct in different ways renders the use of a more severe penalty for Article 134 drug offenses than that prescribed for similar violations of drug regulations under Article 92 unconstitutional. 3 M.J. at 102. (Footnotes omitted, emphasis in the original).

In the case *sub judice* we have the same inequity addressed by our judicial superiors in *Courtney*, except that here the punishment authorized under Article 92, UCMJ, is greater than that permitted under Article 134, UCMJ. This is a distinction without a difference, and appears to have been noted as such by the United States Court of Military Appeals in *Courtney* when it wrote:

"There are, of course, instances in which a charge brought under Article 92 would subject a defendant to a more serious penalty than that imposable for the same misconduct under Article 134. A similar equal protection question is raised in those cases." [2]

We hold, therefore, that under the doctrine of *Courtney* the correct maximum confinement adjudgeable in this case was two years, one year per each offense, as prescribed by the DC Code.[3]

---

1. This appears to be a correct conclusion had the offense been charged under Article 134, UCMJ (10 U.S.C. § 934). *See United States v. Johnson*, 3 M.J. 1071 (A.C.M.R.1977); *United States v. Clancy*, 52 C.M.R. 52, 2 M.J. 1263 (A.C.M.R.1976) and *Criminal Law Items*, The Army Lawyer (June 1975).

2. *United States v. Courtney, supra*, n. 10.

3. We do not reach this conclusion unaware of the contrary *en banc* holding of this Court in *United States v. Ross*, 47 C.M.R. 55 (A.C.M.R. 1973), pet. denied, 48 C.M.R. 1000 (2 July 1973). As that decision was rendered without benefit of the constitutional analysis and considerations provided by the United States Court of Military Appeals in *United States v. Courtney, supra*, but dealt rather with the applicabil-

Because I would also find that appellant's guilty plea was rendered improvident as a result of the misadvice concerning the maximum permissible punishment, *i. e.,* appellant was informed that the confinement was for four years when the correct figure was two years, I would set aside the findings and sentence and authorize a rehearing. *United States v. Harden,* 1 M.J. 258 (1976). As Judge Dribben does not share this view, I will join him, as a matter of judicial expedience and comity, in a reassessment of appellant's sentence in order to rectify the erroneous use by the trial judge and the convening authority of an excessive maximum sentence.

The appellant's allegations of error bottomed on the trial judge's failure to comply with the dictates of *United States v. Green,* 1 M.J. 453 (1976) have been resolved in accordance with *United States v. Crowley,* 3 M.J. 988 (A.C.M.R.1977 *en banc*).

Therefore, the findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for ten months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Judge DRIBBEN concurs.

DeFORD, Judge, dissenting:

I am unable to take the step that Judge Cook takes in the majority opinion here.

It may well be that the rationale of *United States v. Courtney,*[1] may be applicable to the situation before us here. However, I am unable to decide that issue based on a comment set forth in a footnote which was not required to be decided by the facts of that case.[2]

It is one thing to say that the Fifth Amendment is violated by prosecutorial discretion in charging possession of marijuana under Article 134 as distinguished from violation of a lawful regulation under Article 92 when the punishment for both, although different, are contained in the Code. But it is another matter entirely to state that the Fifth Amendment is violated where charges are brought under Article 92, UCMJ for a given offense and that same offense is chargeable under the applicable ordinance of the District of Columbia with a lesser penalty.

In the latter case, the Manual[3] teaches that our application to the DC Code for guidance on the issue of maximum punishment is only in those instances in which offenses are not included within an offense or listed in the Table of Maximum Punishments or not closely related to either. Here, violation of a lawful regulation was charged and punishment therefore was provided by the Code. No application to the DC Code was necessary or required.

In any case, I believe we are yet bound by the *en banc* decision of this Court in *United States v. Ross*[4] until such time as the United States Court of Military Appeals reverses *Ross* and *United States v. Walter*[5] upon which it is partially based.[6]

ity of footnote 5 of paragraph 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition), we do not consider it any longer as binding precedent. Similarly, the argument made in *Ross* concerning the non-extraterritorial application of some Federal statutes is also answered by the United States Court of Military Appeals in *Courtney.*

1. 1 M.J. 438 (1976).

2. *See* footnote 10, *id.*

3. Paragraph 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition).

4. 47 C.M.R. 55 (A.C.M.R. 1973), pet. denied 48 C.M.R. 1000.

5. 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971).

6. An interesting issue is raised by home rule in the District of Columbia. Can the DC city council legislate in an appropriate case, the maximum punishment for an offense under the UCMJ?