**UNITED STATES, Appellee,**

v.

**Jesse O. GUILBAULT, Specialist Four,
United States Army, Appellant.**

No. 33,985.
CM 434453.

U. S. Court of Military Appeals.

Oct. 30, 1978.

Appearances: For Appellant—*Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock* (on brief); *Captain Richard E. Schmidt* (on brief).

For Appellee—*Colonel Thomas H. Davis* (on brief); *Major Steven M. Werner* (on brief); *Major John T. Sherwood, Jr.; Captain William C. Kirk* (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted by general court-martial of conspiracy to sell lysergic acid diethylamide (LSD), possession of LSD, and sale of LSD, as well as absence without leave, in violation of Articles 92 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 886, respectively. The military judge determined that the maximum sentence to confinement was 6 years and 6

months; however, the staff judge advocate in his review to the convening authority opined that the possession and the sale offenses were multiplicious for sentencing and, therefore, the maximum sentence to confinement was only 4 years and 6 months. To cure this trial error, the convening authority reduced the confinement portion of the appellant's adjudged sentence from 4 years to 3 years and 6 months, which he approved along with the dishonorable discharge, forfeiture of $180 pay per month for 4 years, and reduction to the lowest enlisted grade. The United States Army Court of Military Review affirmed.

We are obliged to acknowledge the merit of the appellant's claim that under *United States v. Walter*,[1] 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), the wrong basis was used both by the trial judge and by the staff judge advocate to determine the maximum sentence to confinement to which he was subject for the two drug offenses (treating the possession and the sale as a single offense for sentence purposes).

Paragraph 127*c*, Manual for Courts-Martial, United States, 1969 (Revised edition), states:

> Offenses not listed in the table [Table of Maximum Punishments] and not included within an offense listed, or not closely related to either, are punishable as authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service.

In *Walter*, the Court had occasion to interpret the phrase "closely related" in a situation which is the opposite of the one now before the Court. There, the accused was charged with the wrongful sale of LSD, but he was charged under Article 134 of the Uniform Code of Military Justice. As sale of LSD neither then nor now is listed in the

Table of Maximum Punishments, resort was made to federal law for the maximum sentence to confinement, which then was 5 years. Walter, however, claimed on appeal that, since the Army had a regulation which prohibited this same conduct, the maximum sentence extended only to 2 years' confinement. Specifically, his contention was that this offense, while not listed in the Table of Maximum Punishments, was "closely related" to one that was: violation of a lawful general regulation, Article 92, for which the maximum punishment to confinement was only 2 years.

In rejecting Walter's interpretation of the Manual phrase, the Court first noted that where a penalty for certain conduct *is* listed in the table, the punishment provision for violation of an order or regulation addressing the same conduct does not affect the penalty, for

> an order or regulation which merely enjoins conduct already imposed upon the individual by law is substantially an order to obey the law and, as such, has no effect on the "limit [of punishment] of the ultimate offense committed." *United States v. Bratcher*, 18 U.S.C.M.A. 125, 128, 39 C.M.R. 125 (1969); see also *United States v. Renton*, supra [8 U.S.C.M.A. 697, 25 C.M.R. 201 (1958)], at page 702. Thus, all military accused violating the same statute are subject to the penalty listed in the Table for that offense, regardless of the accidental circumstance that a particular service or command has promulgated a general order or regulation proscribing the same conduct as the statute.

*United States v. Walter, supra* at 371, 43 C.M.R. at 211. The Court went on to hold:[2] "Paragraph 127*c* applies the [same] rule to misconduct for which a punishment is *not* specifically listed in the Table." Explaining its rationale, the Court stated:[3]

---

1. As this trial preceded *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), which has only prospective application, *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977), the approach used in *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), controls the disposition of this case.

2. *United States v. Walter, supra* at 371, 43 C.M.R. at 211 (emphasis added).

3. *Id.* at 371–72, 43 C.M.R. at 211–12.

Many offenses unlisted in the Table are violations of Article 134, 10 U.S.C. § 934, founded upon conduct contrary to a provision of the United States Code. Paragraph 127c "sought to insure that comparable offenses will not be punishable in military law to any greater extent than in civil jurisdictions of the United States." Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at page 189. Comparability of punishment would be impaired, however, if ascertainment of the penalty required that consideration be first given to whether the accused was subject to a general order or regulation prohibiting the same act.

Authority to promulgate general orders inheres not only in each service Secretary, but in different commands within the same service. . . . If such order or regulation were extant, the military accused would be subject to a different punishment than the civilian accused; and he would also be liable to a penalty different from an accused in a command not subject to the order. Thus, the punishment for misconduct in violation of a Federal statute would not be that prescribed by the President for the specific offense, . . . but a consequence of the administrative activity of the accused's command. The language of paragraph 127c, the purpose it was intended to achieve, and the impractical effects of an application such as that urged by the accused, convince us that the President did not intend in such cases to disregard the punishment provided by Congress for the offense in favor of ascertaining the punishment "by analogy" to that of an order or regulation by a military authority on the same subject.

■ Thus, under the *Walter* approach interpreting paragraph 127c of the Manual,[4] when conduct is prohibited both by a general order or regulation under Article 92 and by Article 134, but the offense is not specifically listed in the Table of Maximum Punishments, the correct maximum sentence to confinement is found by application of the punishment to confinement imposable under the United States Code or the District of Columbia Code, whichever is less.

■ In this instance, appellant's conduct violates both 21 U.S.C. § 841(a)(1), punishable in part by confinement for 5 years under 21 U.S.C. § 841(b)(1)(B); and District of Columbia Code, §§ 33–702(a)(1), (4), punishable in part by confinement for 1 year under 33–708(a). So, the possession and the sale of LSD by the appellant was subject to an aggregate maximum sentence of confinement of 1 year, as was his conspiracy to sell LSD. *See* Table of Maximum Punishments for violation of Article 81, conspiracy. In total, then, the maximum sentence to confinement facing the appellant at trial was only 2 years and 6 months. As the appellant's approved sentence to confinement is 3 years and 6 months, prejudice is apparent.

■ One further matter warrants our attention.[5] Appellant correctly points out that the staff judge advocate's post-trial review was served on substitute defense counsel, instead of his trial defense counsel who stood available to continue the representation of his client, the appellant. *See United States v. Palenius,* 2 M.J. 86 (C.M.A. 1977). This was error, and remedial action is necessary. *United States v. Iverson,* 5 M.J. 440 (C.M.A.1978).

The decision of the United States Army Court of Military Review is reversed and the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Army for remand to an appropriate convening authority for a new review and action, in which the sentence will be reassessed in light of the error. The review will be served upon counsel for the accused pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), and *United States v. Iverson, supra.*

---

4. *See* n.1, *supra.*

5. The other issue granted for review is deemed to lack merit. *United States v. Varacalle,* 4 M.J. 181 (C.M.A.1978).

FLETCHER, Chief Judge (concurring):

I concur.

This is an instance in which a charge brought under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, subjects a defendant to a more serious penalty than that imposable for the same misconduct under Article 134, UCMJ, 10 U.S.C. § 934, and paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Courtney*, 1 M.J. 438, 441 n.10 (C.M.A.1976). However, this court-martial was tried prior to our decision in the above case. *See United States v. Jackson*, 3 M.J. 101 (C.M.A.1977). In any event, the same result would have been reached under the new law.

COOK, Judge (concurring in the result):

My separate opinion in *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978), inclines me to sustain service of the post-trial review on counsel other than the military lawyer who represented the accused at trial. However, as I regard as incorrect trial counsel's argument on general deterrence as a factor in sentence determination (*see* my dissent in *United States v. Varacalle*, 4 M.J. 181, 187 (C.M.A.1978)), I believe it appropriate to vacate the action of the reviewing authority to allow him to reconsider the sentence.

I observed in my dissent in *United States v. Courtney*, 1 M.J. 438, 442 (C.M.A.1976), that the majority has rejected the rationale of *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), by according the same force and consequence to an Army regulation as an article of the Uniform Code of Military Justice. Subsequently, I disagreed with the majority's holding in *United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977), that *Courtney* should not be applied retroactively. *Jackson*, however, presented a situation where the maximum imposable punishment would have been decreased by *Courtney*. In my opinion, the import of *Courtney* overrules *Walter*; therefore, the maximum imposable confinement would be increased under the facts presented by the case at hand. This circumstance precludes the retroactive application of *Courtney*.

Additionally, I think it is important to call attention to a serious question as to the continued viability of the Manual provision directing reference to "the Code of the District of Columbia" for ascertainment of the maximum period of confinement. Manual for Courts-Martial, United States, 1969 (Revised edition), par. 127c(1).

The Government of the District of Columbia has been granted home rule by Congress and its penal code is no longer the product of that legislative body, but its own law-making council. Arguably this change in the character of the legislation has created a situation contrary to the intention and purpose of the Manual provision and, therefore, it should no longer be followed. *See United States v. Bartram*, 4 M.J. 510, 512 n. 6 (A.C.M.R.1977) (DeFord, J., dissenting). Eliminating the District of Columbia law on transactions in LSD leaves only the United States Code as a source for determining the period of confinement. That source provides for five years imprisonment. The end result is that the accused was benefited, not harmed, by the maximum confinement calculation of the trial judge. I need not, however, decide the matter. Whatever the decision, I would not apply it retroactively. Consequently, I agree with the principal opinion that, under *Walter*, the maximum sentence was incorrectly determined.

I, therefore, join in setting aside the decision of the Court of Military Review as to the sentence and directing that the record of trial be resubmitted to the reviewing authority for further proceedings consistent with the Court's disposition.