UNITED STATES, Appellee,

v.

Jeffery D. THURMAN, Senior Airman,
U. S. Air Force, Appellant.

No. 35,735.

ACM 22298.

U. S. Court of Military Appeals.

May 7, 1979.

Appearances: For Appellant—*Major Gary C. Smallridge* (argued); *Colonel B. Ellis Phillips* (on brief).

For Appellee—*Captain James R. Van Orsdol* (argued); *Colonel Julius C. Ullerich, Jr., Major Alvin E. Schlechter* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

Contrary to his pleas, the appellant was found guilty of various drug offenses charged under different provisions of the Uniform Code of Military Justice.[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for 13 months, forfeiture of $249 pay per month for 13 months and reduction to airman basic. The convening authority approved the sentence, except he reduced the periods of confinement and forfeitures to 12 months. The United States Air Force Court of Military Review reassessed this sentence on the basis of an error unrelated to this appeal and approved the sentence, except it further reduced the confinement to 8 months.

The two issues granted for review by this Court are directly concerned with the maximum period of confinement at hard labor considered by the military judge as authorized for several offenses of which the appellant was found guilty. It is contended by appellant's counsel that the military judge's utilization of an incorrect and more lengthy period of confinement in his sentence deliberations denied to the appellant equal protection of the law. *See United States v. Courtney*, 1 M.J. 438 (C.M.A.1976).

▪ First, the appellant was found guilty of one specification each of wrongful use and wrongful transfer of marihuana, both charged as violations of Article 134, UCMJ, 10 U.S.C. § 934. The military judge determined that the maximum period of confinement authorized for each of these offenses was 5 years. *See* paragraph 127c, Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969 (Revised edition). The appellant asserts the maximum period of confinement authorized for each of these offenses should be 2 years in light of our decision in *United States v. Courtney, supra*. He points out that for substantially the same conduct a member of the United States Navy could be prosecuted under Article 92, UCMJ, 10 U.S.C. § 892, for violations of Article 1151, U. S. Navy Regulations (26 February 1973), and be subjected to a maximum period of confinement of 2 years for each offense. *See* paragraph 127c, Table of Maximum Punishments, *supra*. In substance, the appellant, as a member of the Air Force, seeks the benefit of a naval regulation which reduces for sailors the maximum punishment authorized by the President in the Manual for such marihuana offenses. Such an argument for *interservice* equality below the presidential limit was rejected under similar circumstances in *United States v. Hoesing*, 5 M.J. 355 (C.M.A.1978). We are not persuaded at the present time to depart from our most recent pronouncement in this area of the law.

The appellant's second allegation of a denial of equal protection of the law is based on facts noticeably distinguishable from his prior argument. Moreover, an additional legal issue is raised which concerns the President's power under Article 56, UCMJ, 10 U.S.C. § 856, to prescribe the limits of punishment which a court-martial may not exceed.

The appellant was charged under Article 92, UCMJ, with violating paragraph 4–4, AFR 30–2 (8 November 1976), by wrongfully having in his possession .05 grams, more or less, of phencyclidine.[2] This offense occurred at Fairchild Air Force Base, Wash-

---

[1]. The appellant was charged and found guilty of five specifications of violating paragraph 4–4, A.F.R. 30–2 (8 November 1976), by wrongfully transferring phencyclidine; by wrongfully possessing the same; by wrongfully using lysergic acid diethylamide on two separate occasions, and wrongfully transferring the same; and of two specifications of wrongful use and transfer of the marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, respectively.

[2]. Specification 2, Charge I.

ington. The maximum confinement authorized for this offense was found by the military judge to be 2 years, the punishment for a violation of Article 92, UCMJ, listed in the Table of Maximum Punishments.

It must be pointed out that this same conduct, possession of phencyclidine, when committed in the territorial United States by a service member is punishable in a federal court as a violation of 21 U.S.C. § 844. *See also* 21 U.S.C. § 812(c), Schedule III(b)(7); *United States v. Gladue,* 4 M.J. 1, 5 (C.M.A.1977). Accordingly, it may be charged under Article 134, UCMJ, as a crime and offense not capital. *See* paragraph 213e, Manual, *supra.* However, no punishment is listed in the Table of Maximum Punishments for this specific offense of possession of phencyclidine as a violation of Article 134, UCMJ.[3] The President, pursuant to his authority under Article 56, UCMJ, has ordered that:[4]

> Offenses not listed in the table and not included within an offense listed, or not closely related to either, are punishable as authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service. When the maximum punishment is thus determined by reference to the United States Code or the Code of the District of Columbia and the respective code provides for confinement or imprisonment for a specified period or not more than a specified period, the maximum punishment by court-martial includes confinement at hard labor for that period.

The United States Code authorizes confinement at hard labor for 1 year for such an offense. *See* 21 U.S.C. § 844. The Code of the District of Columbia also authorizes a maximum of 1 year confinement at hard labor. *See United States v. Bartram,* 4 M.J. 510, 511 (A.C.M.R.1977), *rev'd on other grounds,* 4 M.J. 268 (C.M.A.1978).

■ In the present case the promulgation of the service regulation by the Secretary of the Air Force permitted conduct chargeable under Article 134, UCMJ, as a violation of the United States Code to be charged as a violation of Article 92, UCMJ. The punishment for this conduct as charged under Article 92 is greater than that computed for substantially the same conduct punishable under Article 134, UCMJ. Our opinion in *United States v. Courtney, supra* at 441 n. 10, commented as to the question of equal protection raised by such a factual situation. The promulgation of a second service regulation which mandates that a particular service member be prosecuted and punished under the more severe penalty of Article 92, UCMJ, which exceeds that authorized by the United States or the District of Columbia Codes (whichever is lesser), in no way ameliorates this equal protection infirmity. *See United States v. Jackson,* 3 M.J. 101, 102 n. 2 (C.M.A.1977). Our decision in *United States v. Hoesing, supra,* offers no solace for a contrary position where the service regulations mandating prosecution under a particular article cause the punishment to exceed that produced by the punishment formula established by the President for

---

**3.** The Government argues that if the punishment for possession of phencyclidine had been charged under Article 134, UCMJ, as a violation of the United States Code, it would still be punishable under paragraph 127c, Manual for Courts-Martial, United States 1969 (Revised edition), by confinement for a period of 2 years. It is contended that the existence of the service regulation prohibiting the possession of this drug establishes a "closely related offense" within the meaning of the above Manual provision so as to preclude any necessary reference to the United States Code or District of Columbia Code for punishment computation purposes. *See United States v. Clifford,* 1 M.J. 738

(A.F.C.M.R.1975), *pet. denied* 5 M.J. 997 (C.M. A.1976). Such an interpretation of this Manual provision is untenable in the present case where a service member would be subject to *a greater* punishment for conduct in violation of the United States Code in a military court than in civil jurisdictions of the United States. *See United States v. Walter,* 20 U.S.C.M.A. 367, 371, 43 C.M.R. 207, 211 (1971). *See also United States v. Guilbault,* 6 M.J. 20, 22 (C.M.A. 1978). Moreover, our decision in *United States v. Courtney,* 1 M.J. 438 (C.M.A.1976), cannot be seriously read to support such an argument.

**4.** Paragraph 127c, Manual, *supra.*

the same conduct chargeable under Article 134, UCMJ, as a violation of the United States Code. Accordingly, we conclude that the appellant was denied equal protection of the law when the military judge considered the 2-year maximum penalty under Article 92, UCMJ, for possession of phencyclidine in violation of a service regulation.[5]

Regardless of the nature of the error committed by the military judge in this case, we find no possibility that such an error prejudiced the appellant in the sentence he received. As to this specification, the error in the maximum authorized confinement amounted to 1 year. As to the maximum authorized punishment for all his offenses, the military judge's computation of the maximum period of confinement would have been reduced from 18 years to 17 years. In light of the sentence imposed by the military judge and that finally approved by the Court of Military Review, we find the error *de minimis* and affirm the decision of the court below.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

I rejected the equal protection rationale advanced in the principal opinion in my dissent in *United States v. Courtney*, 1 M.J. 438, 442 (C.M.A.1976). I reject it again now.

In *United States v. Walter*, 20 U.S.C.M.A. 367, 371, 43 C.M.R. 207, 211 (1971), the Court held that "an order or regulation which merely enjoins conduct already imposed upon the individual by law is substan-

tially an order to obey the law and, as such, has no effect" on the limit of punishment otherwise prescribed. Although we are told in note 3 of the principal opinion that *Courtney* "cannot be seriously read to support such an argument," I had thought, and publicly said, that "the import of *Courtney* overrules *Walter.*" *See* my separate opinion in *United States v. Guilbault*, 6 M.J. 20, 23 (C.M.A.1978).

In *Guilbault*, a case in which the specified punishment for the offense was less than that for a violation of a regulation, the Court applied the *Walter* rule; but it observed that *Walter* "controls the disposition" because Guilbault had been tried before promulgation of the *Courtney* opinion, and that opinion had no retroactive effect.[1] The Court now applies *Walter* to a case tried after *Courtney* in a way indicating that *Courtney* overruled *Walter* only as regards an offense carrying a greater penalty than that provided generally for violation of an order. As the District of Columbia now has home rule, I doubt that reference should still be made to its law to ascertain the punishment for an offense of the kind in issue. *See* my separate opinion in *Guilbault*. I am also deeply troubled by the one-sidedness of the Court's fragmentation of the *Walter* rule. However, I believe the *Walter* rule is correct in principle, and I agree it applies in this case. I also agree that the error had no perceptible impact upon the sentence adjudged and, therefore, join in affirming the decision of the Court of Military Review.

5. In accordance with my concurring opinion in *United States v. Guilbault, supra* at 23, I again note that the same result would be reached in this factual situation under *United States v. Walter, supra*. In the latter case, *United States v. Renton*, 8 U.S.C.M.A. 697, 25 C.M.R. 201 (1958), is cited for the legal proposition that under footnote 5, Table of Maximum Punishments, Manual, *supra*, when conduct prescribed by regulation and chargeable under Article 92, UCMJ, also constitutes a specific offense under another article (e. g., Article 134, UCMJ), which provides for a lesser punishment, the lesser punishment controls and not

that listed for the violation of Article 92, UCMJ. I do not believe it reasonable to exclude from the scope of this footnote punishments computed for violations of the United States Code charged under Article 134, UCMJ, as directed by the President in paragraph 127*c* (1), Manual, *supra*. Therefore, in my mind, the correct punishment would be 1 year, the lesser punishment of the United States Code or D.C. Code, and not the 2 years listed for the Article 92, UCMJ, violation.

1. 6 M.J. 20, 21 n. 1 (C.M.A.1978).