**UNITED STATES, Appellee,**

v.

**Private First Class William O. THOMAS, Jr., SSN 029–48–0684, United States Army, Appellant.**

**CM 437657.**

U. S. Army Court of Military Review.

29 May 1979.

cause he had arranged a grant of immunity for a key government witness).

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Lawrence D. Galehouse, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Robert B. Williams, JAGC, and Captain Stephen D. Smith, JAGC, were on the pleadings for appellee.

Before DE FIORI, FULTON and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Although he pleaded not guilty, the appellant was convicted of one of two specifications of wrongfully transferring the drug phencyclidine (PCP). His conduct was proscribed by Army Regulation 600–50, and therefore violated Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). The general court-martial members sentenced him to a bad-conduct discharge, confinement at hard labor for one year, and reduction to the grade of Private E–1.

On this review pursuant to Article 66 of the Uniform Code, 10 U.S.C. § 866 (1976), three errors are asserted for our consideration. Two relate to the maximum term of confinement imposable. The third relates to the failure of the convening authority to grant appellant's application for deferment of the confinement.

### I

Questions concerning the maximum term of confinement in this case arise in the novel setting of the appellant having bargained with the convening authority to exchange a stipulation of fact for a limitation on the sentence. The appellant was charged with two wrongful transfers of PCP. He elected to plead not guilty, but thinking that the maximum sentence included four years' confinement (two years for each offense), he agreed to stipulate that the substance possessed by the transferee was PCP if the convening authority would limit any term of confinement to three years.[1]

The appellant now argues that the correct maximum term of confinement was only two years (one year for each offense)

---

1. While, as it happens, the matter is of no consequence in this case, we note that the pretrial advice, the offer to stipulate, and the motion to limit punishment (mentioned hereinafter) each fail to indicate the dates they were prepared and signed. Such a practice could, in some future case, lead to error in our determination of the sequence and relationship of events and result in injustice.

and contends that his agreement to stipulate was, therefore, improvident. *Cf. United States v. Harden*, 1 M.J. 258 (C.M.A. 1976).

Even if the appellant is correct in his belief that the maximum term of confinement he risked was two years rather than four, his stipulation was not improvident. The record indicates that he entered into the stipulation knowing that a lesser maximum punishment could be involved, for, at the outset of the trial, appellant moved for a ruling that the correct maximum confinement was a term of two years.

 Appellant's motion to limit punishment, although made early in the trial, took the form of a proposed sentencing instruction. Therefore, the military trial judge deferred his ruling until after findings. Meanwhile, when the stipulation was offered in evidence, the defense did not object. Before admitting the stipulation in evidence, the trial judge satisfied himself that appellant understood and agreed to it. Moreover, he conducted a detailed inquiry parallel in all respects to the plea bargain inquiry required in negotiated guilty plea cases by *United States v. Green*, 1 M.J. 453 (C.M.A.1976).[2] Although that inquiry did not include any discussion of the maximum punishment, appellant's earlier motion necessarily indicated that he knew that a lesser maximum could be involved, yet he was content to stipulate. Accordingly, we hold that the stipulation was not improvident. *Cf. United States v. Caruth*, 4 M.J. 924, 928 (A.C.M.R.1978) (en banc), citing *United States v. Frangoules*, 1 M.J. 467 (C.M.A. 1976); *see also United States v. Gash*, 2 M.J. 707, 711 (A.F.C.M.R.1976); *United States v. Sasportas*, 2 M.J. 676 (A.F.C.M.R. 1976).

## II

We nevertheless must decide the correct maximum punishment (confinement) in this case. After appellant had been found guilty of one of the two phencyclidine transfers with which he was charged, the trial judge instructed the court members that the maximum penalty included confinement for two years. Appellant contends that only one year's confinement is authorized. If he is correct, the sentencing organ—and, we note, the convening authority as well—was given the wrong sentencing yardstick; sentence relief would be required. *United States v. Frangoules*, 1 M.J. 467, 469 (C.M.A.1976); *cf. United States v. Harden, supra.*

The issue arises from the circumstance that appellant's conduct violated two different articles of the Uniform Code of Military Justice. When he engaged in an act (transferring phencyclidine) prohibited by an Army regulation of general, punitive application, he violated Article 92, which proscribes violating lawful general regulations. In addition, as appellant's conduct occurred within the United States, it was in violation of a Federal enactment known as the Controlled Substances Act,[3] and chargeable as a violation of the "crimes and offenses not capital clause" of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). *See* Manual for Courts-Martial, United States, 1969 (Rev.ed.), par. 213*e* ; *see also United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971).

For violations of Article 92 such as appellant's, the President has prescribed a penalty that includes confinement for up to two years. Manual for Courts-Martial, *supra*, Table of Maximum Punishments at p. 25–12.

The Table of Maximum Punishments lists no maximum punishment for transfer (or use or possession) of phencyclidine as a violation of Article 134. However, the accompanying paragraph 127*c* of the Manual for Courts-Martial, *supra*, provides as follows:

> Offenses not listed in the table and not included within an offense listed, or not

2. This does not suggest that the stipulation amounted to a confession. *See United States v. Long*, 3 M.J. 400 (C.M.A.1977).

3. Sections 202(c) Schedule III(b)(7) and 401, Controlled Substances Act, 84 Stat. 1245, 1260, 21 U.S.C. §§ 812(c) Schedule III(b)(7) and 841 (1976).

closely related to either, are punishable as authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service. For the transfer of phencyclidine, the United States Code prescribes a maximum confinement term of five years. Section 401(b)(1)(B) Controlled Substances Act, 84 Stat. 1260, 21 U.S.C. § 841(b)(1)(B) (1976) (for first offense when transferee is not under 21 years of age). The Code of the District of Columbia, however, permits confinement for only one year. District of Columbia Code, §§ 33–701, 33–702, 33–708 (1973). That Code affords, therefore, the lesser prescribed punishment.

Appellant contends that his case is governed by the Court of Military Appeals' decision in *United States v. Guilbault*, 6 M.J. 20 (C.M.A.1978), *reconsid. denied*, 7 M.J. 37 (C.M.A.1979), which, in turn, rests upon *United States v. Walter, supra*. In *Walter*, an accused convicted of a five-year Federal offense under the crimes and offenses not capital clause of Article 134 contended that, because his conduct also violated an Army regulation, the maximum confinement term should be limited to two years as it is for violations of Article 92 and would have been so limited if he had been charged under that article instead of under Article 134. Rejecting his contention, the Court concluded that the mere circumstance of there being a service or command regulation prohibiting the conduct in question could not be used either to decrease or increase the maximum punishment when the same conduct violated Article 134. *United States v. Walter*, 20 U.S.C.M.A. at 371, 43 C.M.R. at 211. *Guilbault* applied the same axiom to a situation in which, exactly as in this case, the accused was charged with violating Article 92, but the maximum penalty for the same conduct in violation of Article 134 was less than that provided for violations of Article 92. *United States v. Guilbault*, 6 M.J. at 22 (Guilbault was charged with possessing and selling LSD, one-year offenses under the D.C.Code).

The Government, however, asserts that *Walter* was overruled by *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), and that its descendant *Guilbault* can apply only in cases tried before *Courtney*, which holds that, in view of the virtual identity of drug offenses under Article 92 and those under Article 134, the unbridled discretion to charge under the statute authorizing the greater punishment denies equal protection in violation of the due process clause of the Fifth Amendment. The effect of the holding was (contrary to the result in *Walter*) to limit the maximum punishment to the lesser under either Article 92 or 134 regardless of which of the two the accused was charged with violating. *See, e. g., United States v. Bartram*, 4 M.J. 510 (A.C.M.R. 1977), *rev'd on other grounds*, 4 M.J. 268 (C.M.A.1978). Because of *Courtney*, the prosecutorial discretion of Army authorities has since been bridled by a change to the relevant regulations. The effect is to require that all Army drug offenses other than those involving narcotic drugs or marijuana be charged as violations of Article 92. *See United States v. Dillard*, 4 M.J. 577 (A.C.M.R.1977) (en banc), *aff'd*, 5 M.J. 355 (C.M.A.1978). Accordingly, the Government argues, the appellant's offense could only be charged under Article 92, not Article 134, and only the Article 92 punishment can apply.

■ The Government's argument has proved incorrect. Subsequent to the filing of briefs in this case (oral argument has been waived with our permission), the Court of Military Appeals decided *United States v. Thurman*, 7 M.J. 26 (C.M.A.1979). *Thurman* also involves a drug offense (possession of PCP) charged as a violation of Article 92 when, as a violation of Article 134, the District of Columbia Code would only permit confinement for one year instead of two. In *Thurman*, the Court said:

> The promulgation of a . . . service regulation which mandates that a particular service member be prosecuted and punished under the more severe penalty of Article 92, UCMJ, which exceeds that authorized by the United States or the

District of Columbia Codes (whichever is lesser), in no way ameliorates this equal protection infirmity [permitting conduct chargeable under Article 134 to be chargeable under Article 92]. . . . Accordingly, we conclude that the appellant was denied equal protection of the law when the military judge considered the 2-year maximum penalty under Article 92, UCMJ, for possession of phencyclidine in violation of a service regulation.

*Id.* at 28–29 (footnote omitted). That statement is dispositive of the issue in this case.[4] The maximum authorized confinement amounted to one year, and not two years as the court members were instructed. We no longer need to decide whether *Walter* and *Guilbault* apply, although, if they do, the result would be the same. *See United States v. Thurman*, 7 M.J. 26, 29 (C.M.A. 1979) (Cook, J., concurring in result); *United States v. Guilbault*, 6 M.J. 20, 23 (C.M.A. 1978) (Fletcher, C. J., concurring).

█ Sentence relief properly may consist of reassessment by this Court. *United States v. Frangoules*, 1 M.J. at 469, *supra.*

### III

Appellant's remaining assertion of error is that the convening authority abused his discretion by denying appellant's application to defer service of the sentence to confinement as authorized by Article 57(d), Uniform Code of Military Justice, 10 U.S.C. § 857(d) (1976).

The appellant's trial ended on 10 October 1978 with the court adjudging a sentence to bad-conduct discharge, confinement at hard labor for one year, and reduction to Private

E–1. Evidently on or about the same day (the document is undated; see note 1 *supra*), appellant submitted to the convening authority a "Request for Deferment of Sentence under the Provisions of Article 57(d), UCMJ." On 12 October, the convening authority personally disapproved the request without stating any reason.

The request for deferment is on a preprinted form. The only individualized entry is the appellant's name and the adjudged sentence. As preprinted, the form letter recites that "[h]is conduct since return to military control [sic] has been satisfactory," and avers "that the accused is not a danger to the community; that the accused is unlikely to repeat this or any other offense, and that the accused is unlikely to flee to avoid service of his sentence." The request is only for deferment "pending your complete review of the record of trial" (a period of 41 days from the passing of sentence, as it happened), rather than for deferment until execution of the sentence.

The appellant's application for deferment did not point out that he had served in the Army for some 14 months without trial or nonjudicial punishment before committing the offense in question, that the offense was a nonviolent one, that he resided near the post with his wife and infant child, that pretrial restraint had not been deemed necessary, or that there was an appellate issue (part II of this opinion) that might require reducing his sentence.[5] The favorable character testimony of his first sergeant and platoon sergeant was not mentioned. On the other hand, neither is there any reference to the information that the military police, trying to arrange further drug trans-

---

4. It appears to the author that the constitutional infirmity detected in *United States v. Courtney*, 1 M.J. 438 (CMA 1976) has undergone some change. In *Courtney,* it was described as the "utter lack of . . . guidance" to convening authorities which allowed them a "multiple charging option." *Id.* at 441, 442. Now, when the guidance is supplied and the option removed, the denial of due process is attributed to the very existence of a "service regulation . . . [permitting] conduct chargeable under Article 134, UCMJ, as a violation of the United States Code to be charged as a violation of Article 92, UCMJ," even though a second

regulation requires that all like violations be charged under the same article. *United States v. Thurman*, 7 M.J. 26, 28 (C.M.A.1979).

5. Article 57(c) is intended to reduce the possibility that an accused whose conviction or sentence is overturned on appeal would have served all or most of his confinement while awaiting appellate review. Sen.Rep. 1601, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Code Cong. & Admin.News, pp. 4501, 4514; *United States v. Corley*, 5 M.J. 558 at 565 and Appx. B (A.C.M.R.1978).

actions with him, found that they could not do so because he was in jail on civilian burglary charges. Having no indication that these matters were placed before the convening authority, we will not consider them further. *See United States v. Wilson,* 10 U.S.C.M.A. 337, 27 C.M.R. 411 (1959) (per Quinn, C. J.).

Article 57(d), which was added to the Uniform Code of Military Justice by the Military Justice Act of 1968, 82 Stat. 1335, 1341, says that "[o]n application by an accused who is under sentence to confinement that has not been ordered executed, the convening authority . . . may in his sole discretion defer service of the sentence to confinement." The Court of Military Appeals has decided that this exercise of discretion is reviewable on appeal and that the standard for review will be that found in the later adopted American Bar Association Standards Relating to Criminal Appeals, section 2.5b (1970). *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979); *see United States v. Corley,* 5 M.J. 558, 564 n.16 (A.C.M.R.1978), *pet. denied,* 6 M.J. 122 (C.M.A.1978).

We need not dwell on the particular standards, for it is the burden of persuasion that concerns us in this case:

> [The] burden of demonstrating improbability of flight or lack of likelihood of crime, intimidation of witnesses, or interference with the administration of justice properly lies with the petitioner. He must demonstrate the absence of such threats and danger of flight. In response to a request for release under Article 57(d), the convening authority should exercise his discretion and weigh *the factors illuminated by defense counsel* against the community interests and, if the petitioner has not met his burden, no abuse of discretion lies in a denial of the request. [Emphasis ours.]

**6.** We do not decide whether appellant's failure to administratively appeal the denial as authorized by Army regulations precludes raising the issue on this appeal. See Army Regulation 27–10, Legal Services: Military Justice, par. 2–30*b*, (26 Nov. 1969, as changed by amendments through Change 19, 1 Mar. 1979).

*United States v. Brownd,* 6 M.J. at 340; *accord, United States v. Corley,* 5 M.J. at 566.

We hold that, by merely setting forth conclusions as to his eligibility for deferment with no indication of the evidence or arguments on which those conclusions were based, the appellant did not meet the burden of demonstrating that service of his confinement should be deferred even for the brief period preceding the convening authority's action.[6] Accordingly, the convening authority did not misuse his discretion in denying appellant's request.[7]

## IV

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for nine months, and reduction to the grade of Private E–1.

Chief Judge DE FIORI and Judge WATKINS concur.

**7.** The convening authority's failure to announce reasons for his decision does not support an inference that his action was arbitrary or capricious. *Cf. United States v. Bishop,* 11 U.S.C.M.A. 117, 28 C.M.R. 341 (1960); see also *United States v. Keenan,* 18 U.S.C.M.A. 108, 39 C.M.R. 108 (1969). We deem the silence unwise, however, in the light of the reviewability of his decision.