UNITED STATES, Appellee,

v.

Private (E–2) Willie J. PEARSON, SSN
429–27–4468 United States
Army, Appellant.

CM 436933.

U. S. Army Court of Military Review.

2 March 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain Maurice D. Healy, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Major David McNeill, Jr., JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

The appellant was tried for attempted rape, assault with intent to commit rape, indecent assault and burglary in violation of Articles 80, 134, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 934, and 929.[1] He was acquitted of attempted rape but convicted of burglary and assault with intent to commit rape. The indecent assault was reduced to assault and battery. The court with members sentenced him to a bad-conduct discharge, confinement at hard labor for one year, detention of $200.00 pay per month for twelve months, and reduction to Private E–1. The convening authority reduced the detention of pay to three months[2] but otherwise approved the sentence.

The appellant has assigned nine errors for consideration as we review the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We will discuss three of those errors.

I

The appellant alleges that the record of trial is not verbatim. One of the reporter's tapes was lost, and the reporter had to reconstruct twelve pages of the record. The questioned portion involved the voir dire of three enlisted court members. That is an important procedural aspect of the trial, and a verbatim transcript is required. *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976).

Reconstruction of the record was accomplished from notes of the reporter, the military judge, and the assistant trial counsel, from conversations with the appointed and individual defense counsel, and from the repetitive pattern exhibited by other portions of the voir dire. The defense counsel were offered the opportunity to review and comment on the reconstructed portion but declined to do so because of the inadequacy of their notes.

We find this reconstruction to be so accurate as to amount to a verbatim record. In applying the term verbatim, we must use a sensible approach. *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). We are not dealing here with the reconstruction of all or a substantial portion of the record as in *United States v. Webb*, 23 U.S.C.M.A. 333, 49 C.M.R. 667 (1975), *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973), and *United States v. Weber*, 20 U.S.C.M.A. 82, 42 C.M.R. 275 (1970), or with a record involving the "recalled substance of unspecified parts of the trial proceedings" as in *United States v. Randall*, 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974). Rather, we are confronted with a record wherein the omissions from a word for word transcript can be considered insubstantial. *United States v. Nelson, supra; United States v. Bauer*, 3 M.J. 976 (A.F.C. M.R.1977), *pet. granted on other grounds*, 3 M.J. 258; *United States v. Jacobs*, 49 C.M.R. 808 (A.C.M.R.1975); *United States v. Holland*, 49 C.M.R. 275 (A.F.C.M.R.1974).

---

1. The attempted rape and the indecent assault involved two incidents a few minutes apart with the same victim. The burglary and assault with intent to commit rape involved an-other victim and an incident that occurred about ten days later.

2. The three months of pay so detained was detained for a period of twelve months.

■ Although the reconstruction is so accurate that we conclude the record is verbatim, even were we to concede for the purpose of argument that the record is not verbatim, the appellant is due no relief. A presumption of prejudice arises from a non-verbatim record which the Government has the burden of rebutting. *United States v. Boxdale, supra.* The Government met the burden of rebutting that presumption here. The reconstructed portion was relatively short; it did not concern witnesses testifying as to guilt or innocence or critical motions or arguments; there was a basis for reliable reconstruction; and, most importantly, the possibility of prejudice to appellant from omission of a part of the voir dire was mooted when the three enlisted court members were successfully challenged by the appellant for cause. *Cf. United States v. Boxdale, supra.*

## II

■ The Government in the cross examination of a key defense witness and through the rebuttal testimony of a criminal investigator established that the key witness, an enlisted woman had been called into the office of the battalion sergeant major concerning her knowledge of the case. The witness had seen the assailant as he fled the victim's barracks room so her testimony was critical. The implication of the Government's questioning was that the sergeant major had pressured the witness to testify favorably for the appellant and that for racial reasons the witness was biased in favor of the appellant.[3]

The sergeant major testified as to the reasons he called the witness into his office, the extent of his conversation with her, and the action he took as a result thereof. When the defense counsel twice attempted to ask the sergeant major if he asked the witness to lie for the appellant, the Government objected to the question and the military judge sustained the objection. We think the judge erred in not permitting the question. However, we find no prejudice to the appellant from the denial. The sergeant major's testimony was clear that he only explained to a reluctant witness her duty to come forward with any information she possessed. He was emphatic in stating that he only asked her to tell the truth. The witness' testimony regarding the conversation with the sergeant major confirmed the latter's testimony in every significant respect. Permitting a response to the questions as to whether the sergeant major had asked the witness to lie for the appellant would have added nothing to his testimony. The error was harmless.

## III

■ The appellant alleges that the trial counsel twice in argument commented on appellant's failure to make a statement before trial. The first instance was based upon trial counsel's statement that "the government has no inconsistent statement to bring before you. . . ." Defense counsel immediately objected, and trial counsel explained that he was only going to explain that appellant's in-court testimony was inconsistent. We do not find trial counsel's comment to be a basis for an inference that the appellant had exercised his right to remain silent prior to trial. Accordingly, there was no error. Out of prudence, however, the military judge gave a cautionary instruction.

■ The second statement by trial counsel was a comment on appellant's silence in the face of what could be considered an allegation made by one of the victims suggesting wrongdoing on the part of appellant. The allegation was made by the victim when she confronted the appellant shortly after she had complained of his conduct. The appellant remained silent, and

---

3. The sergeant major, the witness, and the appellant are black. The victim of the offense to which this issue relates is white.

the trial counsel pointed this out in argument. The military judge overruled the defense counsel's objection to this argument. We believe the military judge was correct as the comment properly referred to an admission by silence. Paragraph 140a (4), Manual for Courts-Martial, United States, 1969 (Revised edition).

The other assigned errors have been considered, but they warrant no discussion or corrective action. The findings of guilty and the sentence are affirmed.

Judge DeFORD and Judge LEWIS concur.