**UNITED STATES, Appellee,**

v.

**Sergeant James R. LESTER, Jr., SSN 336–40–2361, United States Army, Appellant.**

**CM 437768.**

U. S. Army Court of Military Review.

19 Sept. 1979.

---

Captain Courtney B. Wheeler, III, JAGC, argued the cause for appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Maurice D. Healy, JAGC.

Captain Charles A. Cosgrove, JAGC, argued the cause for appellee. With him on the brief were Major David McNeill, Jr., JAGC, and Captain Brian X. Bush, JAGC.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT

LEWIS, Judge:

Pursuant to his pleas, the appellant was convicted of possession of marijuana and sale of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A general court-martial sentenced him to a bad-conduct discharge, confine-

ment at hard labor for three years, and forfeiture of all pay and allowances. The convening authority approved so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for nine months and forfeiture of all pay and allowances.

The appellant assigns four errors as requiring corrective action. The first assignment asserts that the military judge prejudicially erred by failing to properly advise him of the meaning and effect of his pretrial agreement. *See United States v. Green*, 1 M.J. 453 (C.M.A.1976), and *United States v. King*, 3 M.J. 458 (C.M.A.1977). The purported error in this case arose in a rather unusual context. Appellant originally entered his pleas, and they were accepted after a fully adequate inquiry by the military judge under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), *United States v. Green, supra*, and *United States v. King, supra*. During the sentencing portion of the trial, the trial counsel attempted to impeach a witness favorable to the accused by asking the witness whether he was aware that the accused had received non-judicial punishment five years before for wrongful transfer of marijuana.* This information, improperly brought to the attention of the court members during this questioning, was prejudicial to the rights of the appellant.

Upon defense motion, the military judge declared a mistrial, clearly intending that the mistrial only extend to the sentencing portion. In his actual ruling on the motion, however, the judge was not explicit as to whether the mistrial was total (so as to include findings) or partial (so as to include only the sentencing portion of the trial). The staff judge advocate recommended, and the convening authority effected, a complete re-referral, treating the mistrial as total.

The second proceeding was conducted as if nothing had occurred previously. The

---

* We have no reason to question the good faith of the trial counsel in his belief (albeit incorrect) that he could impeach a witness in this fashion. Moreover, we find no evidence (nor is the as-

sertion made) that the trial counsel intentionally precipitated a mistrial to save a flagging prosecution.

accused entered his pleas of guilty. Upon inquiry by the military judge (which judge was not the one who presided at the first proceeding) as to whether there was a pretrial agreement, the accused, through counsel, presented the original agreement to the judge. In connection with his providency inquiry under *Care, supra*, the judge advised the appellant that the maximum imposable sentence was a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances and reduction to the lowest enlisted grade. In his *King-Green* inquiry, the judge gave it as his interpretation that, in exchange for appellant's plea, the convening authority agreed to approve only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances and reduction to the lowest enlisted grade.

Against this background, appellant asserts that, under the holding of *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977), he had become entitled to his agreed sentence limitation solely by virtue of his performance at the first proceeding and that a *King-Green* inquiry at the second proceeding should have included the advice that this was now the maximum imposable sentence regardless of his plea. We disagree.

In *Lanzer*, the accused's plea was accepted, findings entered and sentence announced, all after full and adequate inquiries pursuant to *Care*. At a subsequent post-trial interview, Lanzer repudiated his guilt and, upon the advice of the staff judge advocate, the convening authority disapproved the findings and ordered a rehearing. At Lanzer's second trial, he pleaded not guilty. Despite this plea, the Court of Military Appeals held that he was entitled to the benefit of his earlier agreement because the convening authority improperly disapproved valid findings and thereby harmed Lanzer by denying him his sentence limitation after he had fully complied with each provision of his agreement.

■ Parties to a pretrial agreement mutually contemplate that the Government may rely on the accused's plea to establish his guilt in lieu of any requirement for the Government to put on evidence. The convening authority's obligation to limit sentence in accordance with an agreement does not ripen until the point where this mutual expectation can be defeated has passed. Inasmuch as an accused or the judge could defeat this expectation up to the time of announcement of sentence (and, in a bench trial, until completion of any ensuing *King-Green* inquiry on sentence limitation), an accused's entitlement does not vest until that event has occurred. The *Lanzer* court's emphasis on the importance of the various on-the-record inquiries and findings required by *Care, King* and *Green* support this view.

■ The mistrial declaration in the instant case occurred prior to those stages of the trial wherein the accused's entitlement would have vested. Accordingly, the military judge did not err in failing to advise appellant that the maximum imposable punishment was that contained in the pretrial agreement whether or not he pleaded guilty. It would have been error had he done so.

■ We have considered the second and third assignments of error and find that they lack merit. As to the fourth assignment asserting that the record of trial of this general court-martial is non-verbatim, we find that the record is both fully adequate for review and is in fact substantially verbatim. *See United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953); *United States v. Pearson*, 6 M.J. 953 (A.C.M.R. 1979), *pet. denied*, 7 M.J. 164 (C.M.A.1979).

The findings and sentence are affirmed.

Senior Judge JONES and Judge CLAUSE concur.