UNITED STATES

v.

**Sergeant John A. CONGRAM, FR 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, United States Air Force.**

**ACM S24922.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Feb. 1980.

Decided 30 June 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Robert G. Gibson, Jr., and Major Marc G. Denkinger, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

PER CURIAM:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of use of lysergic acid diaethylimide, use and transfer of methamphetamine, and transfer, use and possession of marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $150.00 per month for six months, and reduction to airman basic.

Appellate defense counsel assert that the record of trial is non-verbatim in view of the fact that a portion of the testimony at trial was summarized because of failure of the recording equipment. We disagree and affirm.

█ The challenged portion of the record occurred after the accused took the stand to make a sworn statement in mitigation and extenuation of the offenses to which he had previously pleaded guilty. After the military judge directed the accused to "proceed", the court reporter correctly noted:

(Due to equipment malfunction, the initial comments of the witness are unintelligible on the tapes. After having consulted with Detailed Defense Counsel, and with his assistance and concurrence, those comments of the witness are set forth below in summarized form. The verbatim testimony continues as indicated).

The portion of the accused's testimony summarized is as follows:

(The witness identified himself as the accused in the case, John Anthony Congram; stated that he had been born in Terre Haute, Indiana; that his family had moved from Terre Haute to Warren, New Jersey, when he was aged four; that Warren, New Jersey was located about 30 miles from New York; that his family was comprised of one grandmother, an aunt and uncle, his parents, and one sister, and were very close; that he had a happy childhood and continues a close relationship with the family, and; that he attended school in Warren, New Jersey).*

█ Absent a complete (verbatim) record of trial, a special court-martial may not adjudge a bad conduct discharge. Article 19, Code, 10 U.S.C. § 819, supra: Manual for Courts-Martial, 1969 (Rev.), paragraph 82b. However, this requirement has been interpreted to mean "substantially verbatim." United States v. Nelson, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). Where there is a substantial omission from the record, a presumption of prejudice results, and the burden is on the Government to rebut that presumption. United States v. English, 50 C.M.R. 824 (A.F.C.M.R.1975); United States v. Boxdale, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). However, insubstantial omissions from the record do not give rise to any such presumption. United States v. English, supra; United States v. Donati, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963). The test is whether the summarized portion represents a "substantial omission" or not. United States v. Sturdivant, 1 M.J. 256 (C.M.A.1976); United States v. Gray, 7 M.J. 296 (C.M.A.1979); Article 19, Code, supra.

In Gray and Sturdivant, both supra, the omissions were recorded sidebar conferences. In each case the Court of Military Appeals looked to the content of the conferences as established by notes of the court reporter (Sturdivant) or the affidavit of

---

* The procedure followed here is correct. The Summary of Testimony was prepared as soon as possible to allow the reviewing authorities, including this Court, to correctly ascertain the degree of "substantiality" of the omitted (and summarized) testimony.

trial defense counsel (*Gray*), to determine the "substantiality" of the omitted matter.

Examining the summarized testimony in the instant case, we find that it was not of a nature to have had any decisional significance as to the sentence imposed by the military judge, nor that approved by higher authorities and, hence, did not represent a "substantial omission" from the otherwise verbatim record of trial.

The findings of guilty and the sentence are

AFFIRMED.