**UNITED STATES**

v.

**Senior Airman Donald H. GARMAN, FR 524–90–0703, United States Air Force.**

**ACM 22973.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 June 1980.

Decided 31 July 1981.

Appellate Counsel for the United States: Colonel James P. Porter, Captain Richard O. Ely, II and Captain Charles E. Orck.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried before military judge alone, the approved findings reflect the accused was convicted contrary to his pleas of one specification of wrongfully transferring cocaine and one specification of wrongfully transferring marijuana in violation of the Uniform Code of Military Justice, Article 134, 10 U.S.C. § 934. The approved sentence consists of a bad conduct discharge, confinement at hard labor for twenty-two months, forfeiture of all pay and allowances, and reduction to the grade of airman basic.

Among other things, the accused contends here that the adjudged bad conduct discharge is invalid because the first five minutes of the testimony of one of ten defense mitigation witnesses was not recorded due to mechanical failure.

In determining this issue, we must address two questions. First, whether a sworn affidavit of the substance of the omitted testimony, made by the defense witness himself, is a proper basis upon which to determine whether the missing portion of the transcript constituted a substantial omission. And second, if so, whether the missing portion of the transcript, in fact, constituted a substantial omission.

■ Viewing the facts of this case in the light most favorable to the accused, it appears that the instant omission was first noted by the court reporter while she was transcribing the record.[1] The trial counsel, as the person responsible for obtaining a

Appellate Counsel for the Accused: Mr. David J. Livingston, Colorado Springs, Colorado, Colonel George R. Stevens and Major Robert G. Gibson, Jr.

1. The note inserted in the record by the court-reporter is also subject to an interpretation that the error was noted by her at the time it occurred. Had this been the case, the necessity for this opinion could easily have been avoided by simply calling the error to the judge's attention at the time it occurred. He then could have immediately corrected the error in accordance with *United States v. English*, 50 C.M.R. 824 (A.F.C.M.R. 1975).

verbatim and complete transcript,[2] being himself without a source of verbatim notes, properly awaited authentication of the transcript by the military judge and review of the record by the defense counsel before taking any additional action. By so doing, he provided each of them the opportunity to use or produce any notes they may have possessed to correct the trial transcript. It was not until authentication officially precluded the trial counsel from further changing the record that he, apparently realizing the most logical remaining remedy was a Manual for Courts-Martial, United States, 1969 (Revised Edition), paragraph 82*i* reconstruction, obtained the instant affidavit from the witness and forwarded it, together with the transcript, to the convening authority's staff judge advocate. At the same time, he forwarded a copy of the affidavit to counsel for the accused, with instructions that any comments concerning it should be forwarded to a designated member of the convening authority's legal staff.

Having heard no objections as to the accuracy of the affidavit from defense counsel, the convening authority considered it in conformity with MCM paragraph 82*i* as a reconstruction upon which to base his determination of whether the omission was substantial. He determined the omission to be insubstantial and forwarded the case, including the affidavit, to this Court for our review.

■ Looking first to the question of whether this affidavit constitutes a proper reconstruction of the missing portion of the transcript, we conclude that with the possible exception of a proceeding in revision, there is no better way of obtaining the substance of a witness' testimony than by obtaining a sworn statement from the witness who provided it. Likewise, we conclude that the trial counsel, who is not only an officer of the court, but has MCM paragraph 82*a* responsibility for preparation of

the record of trial, is the most logical person to obtain such a sworn statement.

■ The accused's protestations that the trial counsel's partisan representation of the government during trial, somehow makes him untrustworthy to carry forth his nonpartisan functions under the Manual, are belied by the lack of defense objection to the accuracy of the contents of the affidavit, via either a *Goode* response,[3] or argument before this Court. Nor does the mere fact that the trial counsel anticipated the convening authority's request for such an affidavit by forwarding it to him prior to his request taint the affidavit's legitimacy. In fact, such action is commendable in that it avoids what would otherwise be certain delay.

■ Consequently, we have determined that the instant affidavit constitutes a proper reconstruction of the missing testimony and can properly be used by us in determining whether the omission from the transcript was substantial.[4]

We now turn our attention to the affidavit's contents.

The sworn statement reveals that the missing testimony was that of the most junior of five active duty witnesses called by the defense to testify about the accused's duty performance. The witness had begun working with the accused in September 1978 and had daily contact with him on the job until the accused was removed from it in January 1980. After that the witness still saw the accused "around," but did not have occasion to work with him directly. According to the affidavit, the missing portion of his testimony consisted of the witness' following "on the job" observations:

1. The accused performed all jobs in an excellent manner.

2. The accused caused no problems (e. g. he got to work on time, and if he couldn't, called).

---

2. Manual for Courts-Martial, United States, 1969 (Revised) paragraph 82*a*. And see *U. S. v. McCullah*, 11 M.J. 234 (C.M.A. 1981).

3. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

4. For admissibility of affidavits generally, *see United States v. Gray*, 7 M.J. 296 (C.M.A. 1979) and *United States v. Congram*, 9 M.J. 778 (A.F. C.M.R. 1980).

3. The accused was very responsible and trustworthy (e. g. his work didn't have to be followed up or checked up on).

4. The accused had a good attitude toward the Air Force.

█ A detailed analysis of the remainder of the transcript convinces us that the witness' testimony on these points paralleled other uncontested evidence of record that established these matters as true beyond any doubt. Specifically, each of the missing matters was addressed in the airman performance reports and in the testimony of at least three of the four other active duty co-workers senior to the witness, whose mitigation testimony was recorded verbatim. The performance reports and testimony as to each point encompassed the entire period to which the missing testimony related. Consequently, the matters to which the omission related had already been established and conceded to elsewhere in the transcript. Since such an omission could not possibly have been of any "decisional significance"[5] to either the trial judge or any subsequent reviewing authorities, we find that it was "insubstantial." We necessarily conclude that the resultant transcript of trial was substantially verbatim and complete.

Accordingly, the findings and sentence are

AFFIRMED

ARROWOOD, Senior Judge and MAHONEY, Judge, concur.

5. *United States v. Congram, supra* note 4 at 780.