Technical Sergeant J. C. STOKES, FR
425–92–9570 United States Air Force,

v.

UNITED STATES.

Miscellaneous Docket No. 79–3.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Feb. 1979.

Decided 5 Dec. 1979.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

This case is before us on the accused's petition for extraordinary relief in the nature of a writ of habeas corpus. At trial the accused was convicted by general court-martial, in spite of his not guilty pleas, of wrongfully selling 4.75 kilograms of hashish and conspiring to sell the same amount of hashish, in violation of Articles 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 881. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four years, forfeiture of $100.00 per month for 24 months and reduction to airman basic. The case is pending before this Court for review under Article 66, Code, 10 U.S.C. § 866, supra, and accused is confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

The accused contends that the officer exercising general court-martial jurisdiction abused his discretion in denying his application for deferment of confinement pending appellate review of his case. We disagree and deny the petition.[1]

In his request for deferral the accused stated that: there is no substantial risk that he would not appear to answer judgment following completion of appellate review; he is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice; the crimes of which he was convicted are nonviolent in nature; there is no evidence that he would flee; he was restricted pending the disposition of charges by the Spanish Government and made no attempt to break restriction; he was released from restriction upon waiver of jurisdiction; he has been married for 13 years and has three children; his family currently resides with his wife's mother in Mississippi; his parents reside in Mississippi; he has an "impecca-

ble" military and civilian record; his record, achievements and character are outstanding; the psychiatrist who conducted the post trial evaluation strongly recommended rehabilitation; and the clemency evaluation concluded that he was a good candidate for rehabilitation for he "appears to have been a mature, highly motivated, public-spirited NCO who took real pride in his military profession and was very sensitive to the image that he sought to project to the community."

In his letter denying the request, the officer currently exercising general court-martial jurisdiction over the accused [2] wrote that: he had considered the matters submitted by the accused in light of the decision of *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), the advice of his staff judge advocate and information submitted by the authorities at the Disciplinary Barracks. He continued:

You stand convicted of two serious offenses under the UCMJ involving illegal drug activities. If released pending appellate review, you would be returned to duty within a military environment which, unlike the civilian community, requires unit morale, discipline, and mission dedication. The nature of the offenses for which you were convicted and the circumstances surrounding those offenses reflect a disregard for the requirements of the military environment. This leads me to conclude that, if released, it is likely you would engage in breaches of discipline or further engage in illegal drug activities, which are serious crimes in the military setting. Further, you have been sentenced, among other things, to confinement at hard labor for four years. In view of the serious nature of the offenses in your case and the length of the sentence imposed, I find there is a substantial risk that, if released, you would not appear to answer the judgment

---

1. Appellate Government Counsel's motion for leave to file documents, dated 22 October 1979, is granted.

2. The accused made a request for deferment of confinement pending action by the convening authority which was denied by the officer then exercising general court-martial jurisdiction over him. This action is not questioned by the present petition.

at the conclusion of appellate review, thereby interfering with the administration of justice. I reach this conclusion despite the fact that there is no evidence you attempted to flee after apprehension and prior to trial. In my opinion, the circumstances prior to trial, where you were restricted to base in a foreign country, are distinguishable from the present circumstances where you would be released, unrestricted, in your own country. . . . Accordingly, for the foregoing reasons, it is my determination that you have not sustained the burden of demonstrating that deferment should be granted. Therefore, your request for deferral of confinement is denied.

The authority for deferment of sentence pending review is contained in Article 57(d), Code, 10 U.S.C. § 857(d), supra:

On application by an accused who is under sentence to confinement that has not been ordered executed, the convening authority or, if the accused is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned, may in *his sole discretion* defer service of the sentence to confinement. The deferment shall terminate when the sentence is ordered executed. (Emphasis added).

The legislative history accompanying Article 57(d) indicates the intention that "the discretion exercised would be very broad and would be vested exclusively in the convening authority or the officer exercising general court-martial jurisdiction. Such officers would take into consideration all relevant factors in each case and would grant or deny deferment based upon the best interest of the individual and the service." 1968 U.S.Code Cong. and Admin. News, p. 4514 (1968).

The Manual for Courts-Martial, 1969 (Rev.), paragraph 88f, implements the Code as follows:

[T]he officer who convened the court or, if the accused is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is assigned, may, *in his sole discretion* and upon application by the accused, defer an accused's service of a sentence to confinement, which has not been ordered executed. . . . The officer so empowered to defer the service of sentences to confinement should take into consideration all relevant factors in each case and grant or deny deferment based upon the best interests of the accused and the service. Deferment should not be granted, for example, when the accused may be a danger to the community or when the likelihood exists that he may repeat the offense or flee to avoid service of his sentence. The discretion to defer confinement is *sole and plenary.* The power to take such action vests in the office, not in the person, of the authority so acting. . . . (Emphasis added).

The Air Force Supplement to the Summary of Changes in the Manual for Courts-Martial, 1969, at 13, explains:

Inasmuch as the authority to defer is a discretionary matter for the officer empowered to do so, no attempt was made to establish guidelines for the exercise of this discretion, other than the cautionary recommendations against granting deferments when the accused would be a danger to the community, may repeat the offense, or may flee to avoid service of sentence. The nature of this authority is emphasized by characterizing it as sole and plenary. This was done in order to assure the greatest possible freedom of action on the part of the officer possessing this authority.

Were this the only authority on this subject, we would find resolution of the issue before us relatively simple. However, in *United States v. Brownd*, 6 M.J. 338 (C.M.A. 1979), the Court of Military Appeals had occasion to interpret Article 57(d), Code, supra. There the lead opinion states, in pertinent part:

Unfortunately, however, no guidelines regarding standards for evaluation of the convening authority's exercise of discretion are found either in this statute or

elsewhere in the Uniform Code of Military Justice. Furthermore, no official is designated to establish standards governing exercise of the convening authority's discretion. We are not persuaded that "sole discretion" is absolute and unreviewable. Rather, we are impelled by our judicial responsibility to conduct a review of the convening authority's action to determine whether he has abused his discretion. . . . [W]e believe the proper standard for our review in this instance to be that of the American Bar Association:

> (b) Release should not be granted unless the court finds that there is no substantial risk the appellate will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and the length of sentence imposed as well as the factors relevant to pretrial release. ABA Standards, Criminal Appeals § 2.5(b) (1970).

We think that the proper reading of *Brownd*, supra, indicates that while the officer exercising general court-martial authority has sole discretion in making his decision, he should consider the ABA Standards among all of the "relevant factors" in exercising that discretion.

Here the accused has couched his request for deferment in terms of the ABA Standards, and the officer exercising general court-martial authority has grounded his denial in the same terms. The fact that he considers the nature of the offenses of which the accused stands convicted and the length of the sentence imposed as determinative over those factors listed by the accused is, in our opinion, a matter properly within the exercise of his discretion.[3] What

this petition asks is that we substitute our judgment for his. This we decline to do. Our review of his discretionary decision is limited to whether he had properly considered all these factors in exercising his judgment.[4] We are in a far worse position to make an intelligent evaluation of those factors than is the officer closest to the case.

The petition for extraordinary relief is DENIED.

---

3. See Commentary accompanying the Approved Draft, ABA Standards relating to Criminal Appeals, 1970, at 3–4.

4. I. e.: Has there been an abuse of discretion? Cf. *United States v. Peterson*, 7 M.J. 981 (A.C.M.R.1979); *United States v. Thomas*, 7 M.J. 763 (A.C.M.R.1979).