UNITED STATES

v.

Staff Sergeant Abraham VASQUEZ, III,
FR 450–82–2561 United States
Air Force.

ACM 22542.

U. S. Air Force Court of Military Review.

Sentence adjudged 18 April 1979.

Decided 15 Feb. 1980.

Appellate Counsel for the Accused: Mr. Ruben Sandoval, San Antonio, Texas 78204. Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Patrick A. Tucker. Appellate Counsel for the United States: Colonel James P. Porter and Colonel Michel Levant, USAFR.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

DECISION

PER CURIAM:

Tried by general court-martial, the accused was convicted, pursuant to his pleas, of selling cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three years, forfeiture of $300.00 per month for three years and reduction to airman basic.

Appellate defense counsel assign four errors. Except as discussed below,* we find them to be without merit.

---

* As to assigned error IV, we hold that the contested exhibit amounted to a conviction for the purposes of inclusion within the accused's Unfavorable Information File and could have been admitted for sentencing considerations by the military judge. See AFR 35–32, para. 5b(2) (22 September 1975); AFM 111–1, para. 5–13 (Interim Message Change 79–1, 5 March 1979); Manual for Courts-Martial, 1969 (Rev.), paragraph 75d. However, since the Military judge limited his consideration of the exhibit, there was no prejudice to the accused. Code, *supra*, Article 59, 10 U.S.C. § 859.

■ In their first assignment, concurred in by appellate Government counsel, appellate defense counsel assert that the forfeitures approved by the convening authority are excessive. We agree.

It is Air Force policy that partial forfeitures, adjudged by a general court-martial, in excess of two-thirds pay per month will be reduced by the convening authority to that amount. AFM 111–1, Military Justice Guide, para. 7–13a (2 July 1972). This was not done here. The maximum forfeitures that should have been approved amount to $279.00 per month for three years.

■ Appellate defense counsel also contend that the convening authority abused his discretion when he denied the accused's request for sentence deferment.

Five days after sentencing, the accused requested that his confinement be deferred until action of the convening authority in order that he might "take care of some personal affairs." In support of this request, his counsel related:

SSgt Vasquez is a member of the San Antonio community. Prior to the trial he resided in the community with his wife and two children. He was not confined prior to court-martial. He made no attempt to escape even though the charges prior to trial made him subject to a maximum of 15 years confinement. In addition there is no evidence that SSgt Vasquez would commit another offense were this request granted.

This request was denied by the convening authority without comment.

In *United States v. Brownd*, 6 M.J. 338 (CMA 1979), it was held that in acting upon a request for post trial deferral of confinement, the convening authority should apply the standards recommended by the American Bar Association. ABA Standards, Criminal Appeals § 2.5(b) (1976). This Court has held that "while the officer exercising general court-martial authority has sole discretion in making his decision, he should consider the ABA Standards among all of the 'relevant factors' in exercising that discretion." *Stokes v. United States*, 8 M.J. 694 (AFCMR 1979). Our problem here is that there is no indication that the officer exercising general court-martial authority considered these, or any other standards, in exercising his discretion. Recognizing that the accused has the burden of supplying proper grounds for granting his request for deferment of confinement, *United States v. Thomas*, 7 M.J. 763 (ACMR 1979), pet. denied, 7 M.J. 386 (CMA 1979), we find that his request met at least minimal threshold requirements; hence, called for a response of more than a simple denial. *Stokes v. United States, supra*; cf. AFM 111–1, at para. 7–24 (Interim change 79–3, 16 May 1979). We also recognize that there might have been factors which would have justified the denial of the request; i. e. the seriousness of the offense and the length of the sentence. However, such factors were not made manifest. Since no reasons were given for the denial of the request, we conclude that error was committed.

However, like the Court in *Brownd, supra*, we grant no relief. The time requested for deferral of sentence—from the date of the request until action by the convening authority—has long since passed, and the reason for requesting the deferral is probably no longer vital. Thus, the issue is moot, and we decline to grant relief. *United States v. Brownd, supra*.

Reassessing the sentence in light of the above, we find only so much as provides for a bad conduct discharge, confinement at hard labor for three years, forfeiture of $279.00 per month for three years and reduction to airman basic is appropriate.

The findings of guilty and the sentence, as modified, are

AFFIRMED.