**Staff Sergeant Roy B. McKINNEY**

v.

**General John W. PAULY and United States.**

**Misc. Docket No. 80–5.**

U. S. Air Force Court of Military Review.

Opinion and Order April 4, 1980.

Opinion and Order on Reconsideration
April 24, 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens. Captain Donald G. Rehkopf, Jr., filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## OPINION and ORDER

MAHONEY, Judge:

The petitioner, in consonance with his pleas, stands convicted of numerous drug offenses in violation of Articles 92 and 134 of the Uniform Code of Military Justice, 10

U.S.C. §§ 892, 934. His sentence extends to a bad conduct discharge; two years, six months confinement at hard labor; reduction to Airman Basic; and a fine of $7,500.00, or in lieu thereof, if the fine is not paid, an additional three years confinement at hard labor.

In his Petition for Extraordinary Relief, petitioner claims (1) that the respondent abused his discretion in denying petitioner's request for deferment of confinement until respondent's action upon the case as general court-martial convening authority, and (2) that in his denial of the request for deferment, the respondent failed to indicate his compliance with the mandate of *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979), as implemented by Air Force Manual 111–1, Military Justice Guide (2 July 1973), paragraph 7–24 (Interim Message Change 79–3, 16 May 1979). We agree with the second assertion, and thus we have an inadequate factual basis for review of the first.

■ In reviewing the documents before us, we find that the petitioner's request for deferment of confinement, dated 16 January 1980, clearly met the threshold burden that an accused must bear as a prerequisite to consideration of deferment. *United States v. Brownd, supra* ; *United States v. Thomas,* 7 M.J. 763 (A.C.M.R.1979), pet. denied, 7 M.J. 386 (C.M.A.1979). The respondent's reply, dated 29 January 1980, consisting of a simple denial, disregards established requirements of law. *Brownd, supra* at 340; *United States v. Vasquez,* 8 M.J. 775 (A.F.C.M.R. 15 February 1980); *Stokes v. United States,* 8 M.J. 819 (A.F.C.M.R. 1979).

■ In reply to our Order to Show Cause, counsel for the respondent move for leave to file a message from the respondent's staff judge advocate which, *inter alia,* quotes a Staff Summary Sheet (AF Form 1768) to which petitioner's request for deferment was attached when considered by the respondent. Also attached to the Staff Summary Sheet was the recommendation of a subordinate commander, and the proposed letter of denial which became the basis for the relief sought herein.[1] Unfortunately, although the Staff Summary Sheet summarizes most of the factual contentions advanced by the petitioner in his request for deferment, it represents only the advice of the staff judge advocate and others—not the reasoned conclusion of the respondent in exercising his discretion.[2]

■ The decision to grant or deny deferment of confinement remains within the sole, (but not unfettered) discretion of the appropriate convening authority. *Stokes v. United States, supra.* No reason need be stated by the convening authority in granting deferment, but a denial of the request, once the accused has established his eligibility, must reflect that the convening authority has considered all relevant factors. *Ibid.* A denial of deferment is *inadequate* if it fails to reflect (1) consideration of all relevant factors; (2) the basis, if any, for a factual dispute with the matters advanced by the accused; and (3) the reason(s) for the denial. *United States v. Vasquez, supra* ; AFM 111–1, *supra,* para. 7–24e.

The respondent's denial of the request for deferment of confinement, even with belated reference to the Staff Summary Sheet, is inadequate in form and in substance. As a result, this Court has no basis for determining, in the normal course of appellate review, whether the respondent abused his discretion in denying the requested deferment. It is appropriate, therefore that we grant the requested relief in part. While the option is available to us, we do not deem it appropriate under the present cir-

---

1. The motion to file the message is hereby granted. The original of the Staff Summary Sheet will be appended to the record of trial. Petitioner's motion for, leave to file an answer is also granted.

2. The purpose of the Staff Summary Sheet (AF Form 1768) is "to give a brief background to the individual signing the correspondence."

Air Force Regulation 10–1, Preparing Correspondence (19 April 1978) paragraph 3–4. Even if we found this Staff Summary Sheet to be substantively adequate, which we do not, the decisive fact is that it was not made a part of the respondent's reply to the petitioner's request.

cumstances to order the petitioner's release from confinement.[3] We will, however, direct proper consideration of the petitioner's request by the respondent, and upon our subsequent review, we will test for prejudice the period of confinement served during the time the requested deferment was improperly denied.[4]

In consonance with the foregoing OPINION, it is hereby ORDERED:

(1) That a copy of this OPINION AND ORDER be served upon the respondent;

(2) That within 72 hours of receipt of this ORDER, respondent consider anew the previously denied request for deferment of confinement, and issue his reply in accord with the requirements of the law;[5] and

(3) That respondent transmit a copy of his reply by electrical message to the petitioner and this Court, indicating therein the time and date of receipt of this ORDER.

## OPINION AND ORDER ON RECONSIDERATION

In our initial consideration of this Petition for Extraordinary Relief, *McKinney v. Pauly*, Misc. Docket No. 80–5, (A.F.C.M.R. 4 April 1980), we found that respondent's simple denial of petitioner's request for deferment of confinement failed to comply with the requirements of *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), and Air Force Manual 111–1, Military Justice Guide (2 July 1973), paragraph 7–24 (Interim Message Change 79–3, 16 May 1979). Hence, we ordered respondent to consider anew the

petitioner's request for deferment, in accord with the requirements of law reiterated in our opinion.

██ Subsequent to the issuance of our order, but prior to its service upon the respondent, this Court received a message copy of a letter, dated 8 April 1980, from the respondent to the petitioner, wherein the respondent *sua sponte* reconsidered and reaffirmed his earlier denial of the requested deferment. Our examination of the contents of the message discloses that it satisfies the basic requirements of this Court's order of 4 April 1980. Directly or by implication, the 8 April 1980 message indicates that the respondent has considered all relevant factors, and it sets forth respondent's reasons for denial of deferment, which are not predicated upon any apparent factual difference with the matters submitted by petitioner in his request for deferment.

In view of the foregoing, our order of 4 April 1980 is herewith rescinded. Turning to the remaining claim in the Petition for Extraordinary Relief, we find no abuse of discretion in respondent's 8 April 1980 denial of the request for deferment. *Stokes v. United States*, 8 M.J. 819 (A.F.C.M.R.1979). Whether petitioner has suffered prejudice by virtue of the hiatus between his initial request for deferment and the legally adequate denial may be presented for this Court's consideration in the normal course of appellate review. *McKinney v. Pauly, supra*, note 4 and accompanying text. Accordingly, insofar as it requests further re-

---

3. In view of the length of the petitioner's sentence to confinement, we consider it unlikely that the term of confinement will be completed prior to our review of the case on appeal. See *United States v. Corley*, 5 M.J. 558, 565 and Appendix B (A.C.M.R.1978).

4. Counsel for the respondent has suggested this remedy if this Court finds, as it has found, that the reply of the respondent was inadequate. Counsel for the respondent also suggests that specific prejudice to the petitioner might be averted or mitigated if defense counsel for the petitioner travelled to communicate with his client and to gather clemency information, as alluded to in the petitioner's request as a reason for deferment of confinement. However, we are not sufficiently informed of the circum-

stances to express an opinion as to the feasibility or suitability of such activity, much less to incorporate it in our order. Nonetheless, in our subsequent review, failure to exhaust reasonable alternatives to deferment may have a bearing on our evaluation of any claimed specific prejudice.

5. Whether or not respondent has taken action upon this case, he will comply with the provisions of this ORDER unless petitioner is no longer in his jurisdiction. In such event, respondent will notify this Court of the circumstances by electrical message, and forward copies of all relevant matter, including this OPINION AND ORDER, to the appropriate commander for his decision and action. UCMJ, *supra*, Article 57(d), 10 U.S.C. § 857(d).

**584**

lief, the Petition for Extraordinary Relief is denied.

EARLY, Chief Judge, and POWELL, Judge, concur.