**Staff Sergeant William T. BECK**

v.

**Major General Charles F. G. KUYK, Jr.**

**Misc. Docket No. 80–9.**

U. S. Air Force Court of Military Review.

22 May 1980.

Captain Ron A. Sprague filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter and Captain James R. Van Orsdol.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## ORDER

EARLY, Chief Judge:

This case is before us on a petition for extraordinary relief alleging that respondent abused his discretion in denying petitioner's request for deferment of confinement pending review. We deny relief.

Accused was convicted, pursuant to his pleas, of one specification of carnal knowledge of his step daughter, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The adjudged sentence extends to a dishonorable discharge, confinement at hard labor for ten years, forfeiture of $400.00 per month for ten years and reduction to airman basic. The convening authority has not, as of this date, taken his action on the case, but there is a pretrial agreement limiting the sentence to a bad conduct discharge, confinement at hard labor for 18 months, and a combination of reductions or forfeitures that will allow petitioner to continue to receive $400.00 per month in pay and allowances.

In his request for deferment of confinement, the petitioner asserts that the confinement facility at Fort Lewis, Washington is inadequate; there is no probability of flight; there is no likelihood of other criminal activity; the administration of justice will not be interfered with; and, his military record is good.

In denying the request, respondent replied that the course of conduct for which petitioner was convicted occurred over a two year period; the victim, her mother and her current stepfather all continue to live in the immediate vicinity of McChord AFB, Washington where petitioner is stationed pending action; and petitioner, after being ordered before trial not to contact the victim or her family except through counsel, wrote a letter to the victim's mother requesting that she and the victim not testify at trial or continue to urge the prosecution of the case. In summary respondent stated:

The serious nature of the charges of which SSgt Beck has been convicted, the prolonged time over which the offenses

occurred, the presence of the victim in the immediate area of McChord AFB, and SSgt Beck's demonstrated inability to refrain from contacting her convinces me that deferment of the service of the sentence to confinement is inappropriate.

While the exercise of discretion denying a request for deferment of a sentence to confinement is reviewable by this Court, *United States v. Brownd*, 6 M.J. 338 (C.M.A. 1979), we have consistently held that our review of a denial will be for an abuse of discretion. *Stokes v. United States*, 8 M.J. 819, (A.F.C.M.R.1979). Where petitioner has made assertions, which, on their face would, without more, entitle him to deferment, the denial must show a consideration of the factors listed in *Brownd, supra,* and some rationale in support of the decision. *United States v. Vasquez*, 8 M.J. 775 (A.F.C. M.R.1980). The test for abuse of discretion here is not whether we would have arrived at the same decision as did the convening authority, but whether the convening authority's decision reflects that he has considered all relevant factors in the petitioner's case; indicated his disagreement, if any, with the factual matters submitted by the petitioner; and indicated his reason(s), based upon his factual conclusions, for denying the requested deferment of confinement. *McKinney v. Pauly*, 9 M.J. 581 (A.F. C.M.R.1980), reconsidered (A.F.C.M.R. 24 April 1980).

Reasonable men might disagree as to the weight to be accorded the factual conclusions in each case in view of the countervailing interests of the accused and society. But, when there are *legitimate* countervailing interests, their resolution is within the sole discretion of the convening authority.

The petition for extraordinary relief is DENIED.

POWELL and MAHONEY, Judges, concur.