**UNITED STATES**

v.

**Airman Ruben C. PECK, FR 534–60–5873, United States Air Force.**

**ACM S24952.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 March 1980.

Decided 16 Jan. 1981.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston and Lieutenant Colonel Jennings B. Meredith, USAFR.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of five specifications alleging theft of Government property and of violating a lawful general regulation, in violation of Articles 121 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 892. The adjudged and approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $299.00 per month for six months and reduction to airman basic.

Appellate defense counsel assign three errors. In the first they assert:

A MALFUNCTION OF THE RECORDING EQUIPMENT DURING THE *CARE* INQUIRY HAS RESULTED IN A NONVERBATIM RECORD OF TRIAL AND THIS REQUIRES THAT THE ADJUDGED BAD CONDUCT DISCHARGE BE SET ASIDE.

We agree.

During the providency inquiry following the accused's announced intention to plead guilty, the court-reporter's equipment malfunctioned. Apparently this was not discovered until after trial, for the record merely indicates:

(Due to equipment malfunction, several phrases were not recorded at this point. The verbatim record continues):

\* \* \* \* \* \*

(The recording equipment again malfunctioned at this point. Before the reporter was aware of the malfunction, several questions had been asked by the military judge of the accused and he had responded).

The verbatim record continues:

\* \* \* \* \* \*

A special court-martial may not adjudge a bad conduct discharge in the absence of a complete record of trial. Article 19, Code, 10 U.S.C. § 819, *supra*. This means a verbatim transcript of all open sessions of the court, all sessions held by the military judge and hearings held out of the presence of the members. Manual for Courts-Martial, 1969 (Rev.), paragraph 82*b*. This requirement has been judicially interpreted to mean "substantially verbatim." See *United States v. Nelson*, 2 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). Where there has been an omission from the transcript which is categorized as "substantial", a presumption of prejudice results, and the burden is on the Government to rebut the presumption. *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. English*, 50 C.M.R. 824 (A.F.C.M.R. 1975). If the omission is insubstantial, such a presumption does not arise. *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. English, supra; United States v. Congram*, 9 M.J. 778 (A.F.C.M.R.1980).

In most cases, the reviewing authorities, including courts, have been provided with some summary or reconstruction of the material omitted. See *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Gray*, 7 M.J. 296 (C.M.A.1979); *United States v. English; United States v. Congram*, both *supra*. Here, however, this was not done, and we cannot determine whether the omissions were substantial or not. Since the Government has failed to rebut the resultant presumption of prejudice, we are constrained to hold that the transcript is not verbatim and will not permit the imposition of a punitive discharge. *United States v. Boxdale, supra.*

Having so concluded, we must now decide whether there is sufficient testimony, aliunde the omissions, to support the findings as to the providency of the ac-

cused's plea of guilty and to comply with the requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

Here, the reporter's equipment malfunctioned during the providency inquiry, which had become very confused because the accused sought to plead guilty by exceptions to certain of the items allegedly taken. After the second malfunction, the military judge, in an attempt to clarify the confusion, decided to start over:

DC: Your honor, you got it mixed up. . . . I guess the problem here is the way these things are alleged.

MJ: I'll go along with that. Airman Peck, tell me, in order, starting from the beginning___forget specifications 1, 2, and 3, and 4. You tell me in your own words, from the first you can remember when you got involved with stealing this property. Start from the beginning and tell me the story. Can you do that without much difficulty?

ACC: Yes sir.

MJ: Okay. Start from the beginning. Tell me what happened first, second, and third, fourth, and I want to know. Then, maybe we can get this thing squared away.

Following this, the military judge went over each of the facts relative to the offenses charged in the specifications. In essence, this procedure provided the remedy for record omissions we approved in *United States v. English, supra,* and *United States v. Hensley*, 7 M.J. 740 (A.F.C.M.R.1979). From our examination of the transcript as a whole, we are satisfied that the accused was fully examined by the military judge and that the facts admitted during the inquiry established his understanding of all ramifications of his guilty plea. *United States v. Care, supra; cf. United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977).

■ The next assigned error alleges:

THE STAFF JUDGE ADVOCATE'S REVIEW WAS DEFICIENT SINCE THE MILITARY JUDGE'S PETITION FOR CLEMENCY WAS NOT BROUGHT TO THE CONVENING AUTHORITY'S ATTENTION.

We disagree.

By letter dated the same day as the trial, the defense counsel submitted to the convening authority a letter from the military judge to the convening authority which stated that the accused "might" receive some benefit by serving his confinement at the 3320th Retraining Group "whether he is retained in the Air Force or ultimately separated." The convening authority's action is dated some 13 days after the date of the letter. The review of the staff judge advocate to the reviewing authority fails to mention this letter. It may well be that the staff judge advocate was unaware of the letter at the time of the review, or that he considered it to be directed solely to the *convening authority* and not to the *reviewing authority*. The defense counsel failed to submit any matters in response to the review. Under these circumstances and since he had direct knowledge of the letter, he waived any deficiency which might have been occasioned by the failure to mention the judge's comments. This is a precise situation that *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), was intended to remedy. Since the trial defense counsel failed to avail himself of this right, the matter cannot be raised for the first time on appeal.

In their last assignment, appellate defense counsel assert:

THE CONVENING AUTHORITY ABUSED HIS DISCRETION BY DENYING THE ACCUSED'S REQUEST FOR DEFERMENT OF HIS SENTENCE TO CONFINEMENT.

We agree.

■ On the date of trial (18 March 1980), defense counsel requested deferment of confinement until 1 April 1980 so that the accused could "get his personal affairs in order." This request was supported by averments that the accused was not a danger to himself or others; that he posed no danger to the administration of justice; that there was no pre-trial confinement; that he would not be likely to commit the offenses again; and, that he was unlikely to

flee to avoid confinement. The next day the convening authority denied the request without giving any reasons. This was error. *United States v. Vasquez*, 8 M.J. 775 (A.F.C.M.R.1980); *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979). However, here as in *Vasquez* and *Brownd*, the Court can find no corrective remedy. The time for "placing affairs in order" is long past, the accused's sentence to confinement has been served, and he is now on excess leave. If we were to grant sentence credit, it would not now benefit the accused, and the effect of our decision would hardly serve to make convening authorities any more aware of their responsibilities to give reasons for their denials than that stated in *Vasquez, supra.*

In consideration of the error noted above and the record as a whole, only so much of the sentence as provides for confinement at hard labor for six months, forfeiture of $150.00 per month for six months and reduction to airman basic is appropriate.

The findings of guilty and the sentence, as modified, are

AFFIRMED.