**UNITED STATES**

v.

**Staff Sergeant Harold M. WILLIAMS,
FR 152–46–4323, United States
Air Force.**

**ACM 23502.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Jan. 1982.

Decided 30 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, and Major Michael J. Hoover.

Before HODGSON, C.J., and POWELL and MILLER, Appellate Military Judges.

## ORDER

MILLER, Judge:

The accused was convicted, contrary to his pleas, of attempting to murder his wife, in violation of Article 80, 10 U.S.C. § 880, Uniform Code of Military Justice (hereinafter referred to as the *Code*). His approved sentence consists of a dishonorable discharge, confinement at hard labor for 10 years, forfeiture of all pay and allowances, and reduction to airman basic.

I address but one of two errors assigned by appellate defense counsel, to wit: the absence of a certain government exhibit renders this record incomplete within the meaning of Article 19, 10 U.S.C. § 819, *Code, supra.*

The only description of this exhibit contained in the record is provided by the following portion of the trial transcript:

TC: The government would offer one further exhibit, Prosecution Exhibit 46 for identification, this certified copy from the accused's mental health file, a Randolph Form 80, filed with biographical information, and it came from the accused's mental health records, here at the Mental Health Clinic. It has got his name on it and the reason for the visit was "to get help in controlling my temper." That is reported on here, and the government would offer this in rebuttal to the evidence [regarding the accused's peaceful character] brought out by the defense.

\* \* \* \* \* \*

DC: Your Honor, there are matters which are contained in that document that have already been addressed by the prosecution in rebuttal, either through the form of cross-examination or otherwise. Second, the nature of this form is that it should be taken in confidence as part of a doctor-patient relationship, and as such there are items on there which are not even relative to this proceeding, and are, in fact, collateral, which should not be a part of this.

MJ: You will have to be specific as far as collateral.

DC: Yes, sir, specifically, I am asking that you look at the second page, I believe at the bottom. If I may approach the bench.

MJ: I see it. The last entry?

DC: Yes, Your Honor. If your ruling is adverse, we ask that at least those portions which are collateral to this particular hearing be masked.

TC: If I may see it, sir.

MJ: The last entry on the second page, yes, I want that masked. It has to be put on the record what the entry is. It says, "Have you or any family members had any trouble with the law? Explain." Answer, "A brother in drugs." That portion will be masked. Now, the first prong of your objection is that items in here have been addressed previously by the government on rebuttal? They haven't presented any rebuttal.

DC: Rebuttal can be in the form of cross-examination of defense witnesses or by way of independent rebuttal witnesses. Rebuttal doesn't necessarily start when we rest our case. It starts from the second that they begin cross-examining our witnesses.

The defense position in this case is that everything in there is cumulative to what has already been brought out through live testimony, and as such, it forms a prejudice in that it is cumulative.

MJ: Cumulative to the testimony adduced by the defense that the accused is a peaceful person?

DC: Your Honor, I believe that several witnesses, and forgive me, but I can't give you the names of them. I can recall the testimony pretty vividly though. Several witnesses have testified here today in response to Captain Cianci's own questions concerning counselings and the fact that he had been referred to Mental Health to control his temper, and I believe that has been specifically addressed and specifically answered by live witnesses.

MJ: And then something about a physician-patient privilege—is that—

DC: That at the time that Sergeant Williams went—not so much a privilege, Your Honor, as it is at the time he went to this counseling, for whatever reason, the information that he was to give on that form, and again, he was required and asked to give that type of incriminating evidence by the people at the Mental Health Clinic, he was told that it would be maintained in confidence, and if nothing else, it is going to be used as some sort of admission or to corroborate or to help in a conviction, that maybe some sort of Article 31 rights should have been rendered in that particular case.

MJ: Well, either that or maybe defense shouldn't have opened the door in their case in chief. Well, the objection is overruled. It is admitted into evidence and I do want that last entry that I indicated masked.

Government counsel contend this description of the content and scope of Prosecution Exhibit 46 is adequate to enable us to render a decision based upon review of a "complete" record of trial within the meaning of Article 19, *Code.* I disagree.

Before affirming any record of trial from which an exhibit is missing, this Court must determine, first, whether the absence of the omitted exhibit renders the record of trial incomplete, and, second, if so, whether the government has successfully rebutted the presumption of prejudice to the accused which automatically arises therefrom.

I

I look, first, to the question of whether the absence of Prosecution Exhibit 46 has rendered the instant record "incomplete."

The test for determining whether a missing exhibit does, in fact, render a record incomplete under Article 19, *Code,* is identical to the test for determining whether a missing portion of a transcription renders a record nonverbatim under paragraph 82*b,* Manual for Courts-Martial, United States, 1969 (Revised Edition) (hereinafter referred

to as the *Manual*). That test is whether the omitted matter constitutes a "substantial" or an "insubstantial" omission from the record. *United States v. McCullah,* 11 M.J. 234 (C.M.A.1981).

Of course, a condition precedent to applying this test is the availability in the record of a sufficient description of the content of whatever matter has been omitted so as to enable this Court, or any other reviewing authority, to determine whether such matter could have materially prejudiced the substantial rights of the accused at trial.

Thus, in the past, with but a single exception,[1] this Court has always required that records contain undisputed descriptions of the entire substance of any omitted matters before it has made any attempt to apply the Court of Military Appeals' "substantial/insubstantial" test for determining whether such omitted matters render a record nonverbatim or incomplete within the meaning of paragraph 82*b* of the *Manual* or Article 19 of the *Code.* We have believed that short of such a description it would be impossible to fulfill our Article 67(c), 10 U.S.C. § 867(c), *Code,* function of affirming "only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." *See United States v. Garman,* 11 M.J. 832 (A.F.C.M.R. 1981) (findings and sentence affirmed only after looking to an affidavit as to the substance of a witness' testimony provided by the testifying witness himself, the accuracy of which the accused elected not to contest, to rebut presumption of prejudice stemming from incomplete transcript); *United States v. Lashley,* 11 M.J. 736 (A.F.C.M.R. 1981) (findings and sentence affirmed only

after looking to reconstruction of testimony by trial judge with assistance of all counsel during trial proceedings to rebut presumption of prejudice); *United States v. Peck,* 10 M.J. 779 (A.F.C.M.R.1981) (findings affirmed based upon fact trial judge began *Care* inquiry, during which the omission occurred, anew; but sentence modified in absence of any attempted reconstruction of missing portion of transcript upon which presumption of prejudice stemming therefrom could be rebutted); *United States v. Congram,* 9 M.J. 778 (A.F.C.M.R.1980) (findings and sentence affirmed only after looking to summaries of missing witness testimony prepared by court reporter with assistance and concurrence of detailed defense counsel to rebut presumption of prejudice); *United States v. Hensley,* 7 M.J. 740 (A.F.C.M.R.1979) (findings and sentence affirmed only after looking to reconstruction of testimony made by the trial judge during course of trial, conceded to as accurate by the accused's counsel to rebut presumption of prejudice); and *United States v. English,* 50 C.M.R. 824 (A.F.C.M.R.1975) (findings and sentence affirmed only after looking to proceedings begun "anew" by trial judge during course of trial to rebut presumption of prejudice). *See also, United States v. Lashley,* 14 M.J. 7 (C.M.A.1982) (findings and sentence affirmed based upon reconstruction at trial); *United States v. Eichenlaub,* 11 M.J. 239 (C.M.A.1981) (findings and sentence affirmed based upon detailed summarization of missing discussion); *United States v. McCullah, supra,* (findings set aside due to lack of sufficient description of missing exhibit); *United States v. Gray,* 7 M.J. 296 (C.M.A.1979) (returned for action setting aside the punitive discharge or rehearing because description of matter dis-

---

1. The referenced exception occurred in *United States v. McCullah,* 8 M.J. 697 (A.F.C.M.R. 1980). This decision recognized for the first time that although the omission of an exhibit may render a record incomplete within the meaning of Article 19, Uniform Code of Military Justice, it does not render a record nonverbatim within the meaning of paragraph 82*b,* Manual for Courts-Martial, United States, 1969 (Rev.) It failed to recognize, however, that the test for determining whether an omission ren-

ders a record incomplete is the same as the test for determining whether an omission renders a record nonverbatim. Consequently, the findings and sentence were affirmed without requiring inclusion in the record of a sufficient description of the contents of the omitted exhibit to resolve the question of whether the omission was substantial. Subsequently, the Court of Military Appeals, identifying this failure, set aside the infected findings. *United States v. McCullah,* 11 M.J. 234 (C.M.A.1981).

cussed at side bar conference revealed omission concerned a material matter); *United States v. Averett*, 3 M.J. 201 (C.M.A.1977) (findings affirmed but punitive discharge eliminated based upon reconstruction that revealed substance of omission dealt with material matters, i.e. challenges to court members and the composition of the court); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976) (returned for action modifying the sentence or a rehearing due to lack of description of unrecorded conference that may have dealt with challenges for cause, i.e., a material matter); *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973) (reversed based upon materiality of omission as described in the trial counsel's attempt to reconstruct the record).

In this case, the trial judge overruled three separate defense objections to the contents of an exhibit offered by the government to rebut evidence of the accused's peaceful character at a trial in which the accused was defending himself against a charge of attempted murder.[2] That exhibit has been lost. Without the type of accurate description of a lost exhibit that this Court has always required in past cases, I can neither determine that the trial judge's rulings with regard to its admissibility were correct, nor determine that the admission of the contents of this exhibit did not prejudice the substantial rights of the accused.

According to the Court of Military Appeals in *United States v. McCullah, supra,* if an exhibit is missing from a record, "it is fitting that every inference be drawn against the Government with respect to the existence of prejudice because of such an omission," *Id.* 11 M.J. at 237. Under the circumstances of this case, it is impossible for a reviewing authority to determine whether the absence of an exhibit constitutes a substantial or insubstantial omission. Consequently, the presumption of prejudice that stems from a nonverbatim or incomplete record automatically exists.

*United States v. Peck, supra,* 10 M.J. at 781 (A.F.C.M.R.1981). *See also, United States v. Boxdale, supra; United States v. Gray, supra;* and *United States v. Eichenlaub, supra.*

## II

Having thus determined this record of trial is incomplete within the meaning of Article 19 of the *Code,* I turn now to the resultant question, to wit: has the government successfully rebutted the presumption of prejudice that automatically arises once a record is determined to be incomplete?

When a record is determined to be incomplete within the meaning of the cited Codal provision, a presumption of prejudice to the accused arises. Unless affirmatively rebutted by the government, this incomplete record presumption prohibits affirmance of any portion of a sentence extending to imposition of a punitive discharge. *United States v. McCullah, supra,* 11 M.J. at 237, (dicta expressed in case in which after setting aside findings affected by the absence of an exhibit that constituted a substantial omission, the Court, nevertheless, affirmed a punitive discharge, finding it nonetheless appropriate for the remaining unaffected offenses). As noted in *McCullah,* however, this result fully comports with the Court's previously established position that when a record is determined to be nonverbatim within the meaning of paragraph 82*b, Manual,* a presumption of prejudice to the accused arises. Unless affirmatively rebutted by the government, this "nonverbatim" record presumption prohibits affirmance of any portion of a sentence extending to imposition of a sentence more severe than that which could have been imposed by a special court-martial. *See United States v. Whitman,* 3 U.S.C.M.A. 179, 11 C.M.R. 179 (1953) (setting aside discharge after noting government had not so much as suggested it might fill void created by omission in transcript); *United States v. Boxdale, su-*

---

**2.** The sole theory pursued by the defense at trial consisted of an attempt to establish reasonable doubt as to the victim's version of who initially shot whom by demonstrating (a) the accused's reputation for peacefulness and (b) the victim's reputation for violence. *See* note 3, *infra.*

*pra,* (setting aside findings and sentence because government failed to carry burden of overcoming presumption of prejudice resulting from substantial omission in record); *United States v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974), *United States v. Sturdivant, supra,* and *United States v. Averett, supra,* (all, without referencing presumption of prejudice, setting aside discharges because government failed to comply with Manual and Codal commands requiring verbatim record for affirmance of discharge); *United States v. Gray, supra,* (setting aside discharge because government failed to overcome presumption of prejudice arising from substantial omission in record); *United States v. Eichenlaub, supra,* (affirming both findings and discharge because government summarization of substantial omission regarding sentence announcement was so meticulously accomplished as to rebut presumption of prejudice); and *United States v. Lashley,* 14 M.J. 7 (C.M.A.1982) (affirming both findings and discharge because summarization prepared by trial judge during trial that utilized: (1) witness, whose original testimony was omitted from transcript; (2) precise questions asked of witness during original examination; and (3) skeletal transcript of original witness testimony, so accurately reconstructed otherwise substantial omission as to render totality of transcript "substantially verbatim").

Here, the government's sole post-discovery attempt at obtaining a complete description of the missing exhibit's contents consists of an undated and unsworn "Memo for the Record," signed by the assistant trial counsel detailed to the case, and inserted into the record at a point just prior to the missing exhibit's authentication page. It reads:

3. My review of the record causes me to question both the relevancy and accuracy of these assertions. Although not stated during trial, the record is otherwise replete with references to the accused's claim that he could not remember any of the events that led to his prosecution. While the accused chose neither to contest the results of a sanity board nor to

MEMO FOR THE RECORD

The following is in explanation of a missing exhibit in the record of trial, *U.S. v. Williams.* Prosecution Exhibit 46 consists of three pages. The second and third pages, a copy of the Mental Health Clinic questionaire completed by the accused, has been misplaced. I have searched all areas of the Office of the Staff Judge Advocate where I believe it may have been put. Further I have verified that Captain Cianci [government trial counsel] does not have the document. The Mental Health Clinic is unable to locate the original of this document for substitution. Finally, I have also checked with the Mental Health Clinic at Wilford Hall and that office does not have the document, or Sergeant Williams' mental health records prior to February 1982.

The record contains no indication that any trial participant, other than government counsel, had even noted the exhibit's omission prior to the time the record was forwarded to the convening authority's staff judge advocate for his Article 61, 10 U.S.C. § 861, *Code, supra,* review.

Once the record of trial was received by the convening authority's staff judge advocate, no trial participants were asked to assist in reconstructing the missing exhibit's contents for the convening authority's benefit.

Instead, the staff judge advocate asserted to his convening authority, as government appellate counsel have essentially asserted to us, that:

Since the exhibit was introduced in rebuttal by the government, and was not directly related to any necessary element of proof, its loss is not fatal. Because the exhibit could have been viewed as an aggravating factor, reassessment of sentence is appropriate.[3]

acknowledge his loss of memory at trial, such a memory loss; if real, would undoubtedly have precluded him from testifying about these events at trial. When the trial record is viewed in light of this circumstance, it is clear that the defense theory, pursued at trial, consisted of attempting to establish a reasonable doubt as to the victim's version of who initially shot

Summarizing these facts, then, not only has the government failed to overcome the presumption of prejudice that automatically accrued to the accused when the instant omission was discovered, but it has made no effort, whatsoever, to shoulder the burden of doing so.

Ergo, the present record of trial contains a substantial omission rendering it incomplete within the meaning of Article 19, Code. Since the government has failed to rebut the presumption of prejudice that automatically arises from such an incomplete record, it will not currently support imposition of a punitive discharge.[4]

Because, however, it appears distinctly possible that the exhibit omitted in this case did not, in fact, contain any matters other than those that are specifically described by the trial's participants in the record of trial, I, in the interests of judicial economy, return this record to the Judge Advocate General for attempted resolution of this issue via a *DuBay* hearing, *United States v. DuBay,* 17 U.S.C.M.A. 146, 37 C.M.R. 411 (1967). If, in such a hearing, the original participants at trial can so successfully reconstruct the exhibit now missing from the record of trial, as to rebut the presumption of prejudice which automatically arises from the omission of such an exhibit, the possibility of a costly and time-consuming rehearing may be avoided.

POWELL, Senior Judge (concurring in the result):

Because this record of trial was authenticated without mention of a missing exhibit and the parties to the trial have not taken any action to reconstitute the questioned exhibit, or explain its absence, it is my opinion that an opportunity to do so should be provided. Accordingly, I concur in the result reached by Judge Miller.

HODGSON, Chief Judge (dissenting):

To rebut the accused's contention that he had a peaceful and non-aggressive manner, the Government offered a three page document from the base Mental Health Clinic establishing that the accused sought "to get help in controlling my temper." Defense counsel opposed its admission, maintaining the information it contained was "cumulative" and already in evidence through the prosecution's cross-examination. In a slightly redacted form, the document was admitted over defense objection as Prosecution Exhibit 46. Subsequent to trial this exhibit became lost or misplaced and accordingly, is not a part of this record.

I do not consider the absence of Prosecution Exhibit 46 to be a substantial omission. The only objection to the exhibit by the accused was that it was "cumulative", as the evidence in it was already before the court in a different form. In my view the admission by the accused that he " . . .

whom, by demonstrating the accused's reputation for peacefulness and the victim's reputation for violence. Therefore, I question the implication contained in these assertions that the content of material introduced by the government to rebut the defense effort to establish the accused's reputation for peacefulness was immaterial to the trial court's factual determination of guilt or innocence in this case.

4. Even if we ultimately conclude this record of trial to be "incomplete" within the meaning of Article 19, *Code,* should we, upon final review of this record (including any forthcoming reconstruction), agree with our dissenting Chief Judge's current conclusion that it contains sufficient evidence to conclusively establish the accused's guilt of the offense charged in this case, precedent from the Court of Military Appeals in "nonverbatim" record` cases, appears to support the proposition that the accused's

conviction, and so much of his sentence as does not provide for a punitive discharge, may, nevertheless, be affirmed. *See United States v. Whitman,* 3 U.S.C.M.A. 179, 11 C.M.R. 179 (1953) and *United States v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974) (both affirming convictions based upon the content of summarized records of trial); *United States v. Sturdivant,* 1 M.J. 256 (C.M.A.1976) (allowing, at government option, an affirmance of a conviction based upon the content of a summarized portion of an otherwise verbatim record); and, *United States v. Averett,* 3 M.J. 201 (C.M.A. 1977) and *United States v. Gray,* 7 M.J. 296 (C.M.A.1979) (both, again, at government option, allowing affirmances of convictions based upon the content of, in *Averett,* a court reporter's, and in *Gray,* a defense counsel's, post-trial reconstruction of material side-bar conferences).

[wanted] help in controlling my temper" was the crucial portion of the exhibit that the Government wished to introduce. It rebutted defense testimony that the accused was a peaceful person. Why he sought assistance from the Mental Health Clinic is in the record verbatim. Further, the purpose of the accused's visit to the Clinic was not challenged by the defense. The missing exhibit requested biographical information which by a reasonable interpretation would include name, sex, age, marital status, number of children, education, etc. This information was before the court. Thus we have before us for appellate review a record that is both free from substantial omission and verbatim. *See United States v. Eubank,* 12 M.J. 752 (A.F.C.M.R. 1981). I conclude therefore that the omission complained of caused no prejudice. *United States v. Kelsey,* 14 M.J. 545 (A.C.M.R.1982).

I would affirm the finding of guilty and the sentence.