**UNITED STATES**

v.

**Senior Airman Stanley COPELAND, FR 185–52–0625 United States Air Force.**

**ACM S25631.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 March 1982.

Decided 30 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major James C. Fetterman, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before KASTL, HEMINGWAY and SNYDER, Appellate Military Judges.

DECISION

PER CURIAM:

Senior Airman Copeland was convicted at a bench trial of larceny, forgery, and making a false official statement, violations of Articles 121, 123, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, and 907. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeitures of $250.00 per month for four months, and reduction to airman basic.

On appeal, he urges that the military judge erred by overruling a defense motion that the forgery and larceny specifications should be considered multiplicious for sentencing purposes. *See generally, United States v. Tucker,* 29 C.M.R. 790, 792 (A.F.B.R.1960) and *United States v. Caverly,* 27 C.M.R. 812 (A.B.R.1959); *see also, United States v. Cashwell,* 45 C.M.R. 748 (A.C.M.R. 1972).

■ We perceive no error affecting the substantial rights of the accused. The maximum punishment for any one of the offenses exceeded the limits of the special court-martial which tried the accused. *United States v. Corigliano,* 2 M.J. 282, 283 (A.F.C.M.R.1976); *United States v. Wilson,* 2 M.J. 259, 260 (A.F.C.M.R.1976); *United States v. de los Santos,* 7 M.J. 519, 520 (A.C.M.R.1979). Moreover, the sentence adjudged was less than that authorized for any of the offenses for which he was tried. Accordingly, we find that the military judge did not err.

■ The accused also argues that the convening and supervisory authorities

abused their discretion by refusing to defer confinement as mandated by *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979).

In his request to both the convening and supervisory authorities for deferment, the accused argued in specific terms that there was no possibility of flight, no likelihood of other criminal activity, and no attempt on his part to interfere with the administration of justice. He also pointed to his good military record and the lack of pre-trial restraint. Both authorities summarily denied his requests.*

We believe that the accused established his candidacy for deferment and that these government replies, consisting of terse denials, disregarded the spirit and letter of *Brownd, supra.* As we stated in *McKinney v. Pauly,* 9 M.J. 581, 582 (A.F.C.M.R.1980):

> No reason need be stated by the convening authority in granting deferment, but a denial of the request, once the accused has established his eligibility, must reflect that the convening authority has considered all relevant factors. A denial of deferment is *inadequate* if it fails to reflect (1) consideration of all relevant factors; (2) the basis, if any, for a factual dispute with the matters advanced by the accused; and (3) the reason(s) for the denial.

*See, Trotman v. Haebel,* 12 M.J. 27 (C.M.A. 1981); *United States v. Vasquez,* 8 M.J. 775, 776 (A.F.C.M.R.1980); *See also,* Air Force Manual 111–1, Military Justice Guide, paragraph 7–24, 2 July 1973.

We recognize that factors might exist to justify denying Airman Copeland's request; however, *these factors were not articulated in any meaningful way by the appropriate authorities.* Thus, we conclude that error was committed.

Nevertheless, we grant no relief. The accused had requested deferral of sentence so as to "freeze" at least 30 days' confinement time, an amount which would qualify him for entry into the 3320th Correction and Rehabilitation Squadron at Lowry Air Force Base, Colorado. When the request was denied, he served his entire confinement, which was completed at least 60 days ago. Before us, he argues that the issue is not moot since we can commute his discharge to additional confinement. Based upon our independent reassessment of the record, we find the sentence appropriate; thus, we will not commute that discharge to confinement.

The remaining error asserted is resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

---

* In response to the defense's detailed page and one-half request for deferment, the convening authority responded with the following:

> I have carefully considered your request for deferment of your sentence to confinement after receiving the advice of my Staff Judge Advocate. The crimes of which you were convicted of [sic] indicate to me that you cannot be trusted to avoid committing such crimes in the future. I therefore deny your request.

When a parallel request was made to the supervisory authority for deferment, his response was equally laconic:

> I have considered the factors you cited to support your request to defer AB Copeland's remaining sentence to confinement. Given the nature of his offenses, and the communi-

ty interest involved, I find that AB Copeland has not met his burden of persuasion.

The first response virtually ignores any possibility of implementing *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979). In actuality, it stonewalls legitimate analysis with the observation that "once a thief, always a thief ...." The second response makes larceny of a camera, forgery and false official statement so heinous that no relief is possible. We do not find this rationale compatible with the standards of *Brownd.* See *Trotman v. Haebel,* 12 M.J. 27, 28 (C.M.A.1981). (General court-martial conviction for drug distributing coupled with severity of adjudged sentence of bad conduct discharge, 12 months' confinement, forfeitures, and reduction). *See also, Stokes v. United States,* 8 M.J. 819, 821–822 (A.F.C.M.R.1979).